LUCIUS A. HUNTLEY *vs.* ALFRED HOLT AND WIFE.

New Haven & Fairfield Cos., Jan. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, TORRANCE and FENN, Js.

The statute (Gen. Statutes, § 3018) provides for a lien in favor of persons furnishing materials or rendering services in the erection of any building " by virtue of an agreement with or consent of the owner of the land upon which such building is erected." A husband contracted in his

own name with a builder for the construction of two houses on the land of his wife, the builder not knowing that the title was in the wife. She had previously consented to the erection of the houses on the promise of the husband that he would pay for them, and did not suppose that her land was liable to a lien for them. She also saw that the buildings were being erected, and made no objection, and gave no notice to the builder that the land was hers. Held not to constitute a consent of the wife within the meaning of the statute.

And held that the wife was not estopped from denying that she had given her consent by her neglect to make objection or to notify the builder that she owned the land, her conduct in this respect being explained by her belief that her husband would pay for the houses and that the builder was giving credit entirely to him.

An estoppel implies some fraud or neglect of duty in the party estopped.

A person setting up an estoppel *in pais* is bound to the exercise of good faith and due diligence to know the truth. It was the builder's fault in this case that he did not examine the records and ascertain the state of the title before trusting to his lien.

[Argued January 22d—decided February 17th, 1890.]

SUIT for the foreclosure of a builders' lien, brought to the Superior Court in New Haven County and heard before *F. B. Hall, J.* Facts found and judgment rendered for the defendants, and appeal by the plaintiff. The case is fully stated in the opinion.

*J. W. Alling,* for the appellant, cited Gen. Statutes, § 3018; Revision of 1866, p. 549; Revision of 1875, p. 360; *Hall* v. *Hall,* 50 Conn., 104; *Paine* v. *Tillinghast,* 52 id., 552, 559; *Alexander* v. *Church,* 53 id., 561; *White* v. *Smith,* 44 N. Jer. Law, 105; *Rush* v. *Dilks,* 43 Hun, 282; *Anderson* v. *Mather,* 44 N. York, 249; *Bodine* v. *Killeen,* 53 id., 93; *Noel* v. *Kinney,* 106 id., 74; *Knight* v. *Thayer,* 125 Mass., 25; *Powell's Appeal,* 98 Penn. St., 403; *Schwartz* v. *Saunders,* 46 Ill., 18; *Louisville Coffin Co.* v. *Stokes,* 78 Ala., 372; *Hauptman* v. *Catlin,* 20 N. York, 247; *Husted* v. *Mathes,* 77 id., 388; *Burkitt* v. *Harper,* 79 id., 273; *Otis* v. *Dodd,* 90 id., 336; *Nellis* v. *Bellinger,* 6 Hun, 560; *Arnold* v. *Spurr,* 130 Mass., 347; *Wheaton* v. *Trimble,* 145 id., 345; *Donaldson* v. *Holmes,* 23 Ill., 85; *Taylor* v. *Gilsdorff,* 74 id., 354; *Bergen* v. *Keiser,* 17 Ill. App., 505; *Fay* v. *Orison,* 60 Iowa, 136; *Jones* v.

*Pothast*, 72 Ind., 158; *Dalton* v. *Tindolph*, 87 id., 490; *Cannon* v. *Helfrick*, 99 id., 164.

*W. B. Stoddard* and *S. C. Loomis*, for the appellees, cited *Gilman* v. *Disbrow*, 45 Conn., 563; *Flannery* v. *Rohrmayer*, 46 id., 560; Bouvier's Law Dict., *Consent;* 2 Jones on Liens, §§ 1253, 1264; *McClintock* v. *Criswell*, 67 Penn. St., 183; *Peabody* v. *Eastern Methodist Society*, 5 Allen, 540; *Murray* v. *Earle*, 13 So. Car., 87; *Gray* v. *Walker*, 16 id., 143; *Geddes* v. *Bowden*, 19 id., 1.

ANDREWS, C. J.   Mary A. Holt, the wife of Alfred Holt, is the owner of certain land in the town of New Haven which she holds " to her sole and separate use, free from any control of her husband." Sometime prior to the 8th day of September, 1887, Mr. Holt proposed to his wife to build houses on two of her lots, to which she objected. He urged the building of the houses and informed her that he was himself to pay for them. She then made no further opposition, though she still did not wish the houses to be built. On the said 8th day of September, 1877, Mr. Holt entered into a written contract with the plaintiff to build two houses for him, which were to be placed on the above land of Mrs. Holt. The plaintiff proceeded according to the contract, furnished the materials for and erected the houses, and in due time filed his lien thereon. He made no agreement respecting the houses with Mrs. Holt; on the contrary, in making the contract, and in performing the services and in furnishing the materials he gave the sole personal credit to Mr. Holt. Mr. Holt did not represent that he was the owner of the land on which the houses were to be placed. In making the contracts he acted in his individual capacity, and did not act or assume to act as the agent of Mrs. Holt, nor had he in making the same any authority from or right or authority to act or contract for her. The plaintiff relied as security for the payment for his work and materials upon such lien on the land as by law he might have. Prior to the time he had completed the houses he supposed that Mr. Holt

was the owner of the land. He made no examination of the records to ascertain in whom the title to the lots was, and until after the houses were finished he did not know that Mrs. Holt was the owner.

Mrs. Holt learned that the houses were being built and that the plaintiff was building them about the time work thereon was commenced. She then, and at all times, supposed that the work was being done upon the personal credit of her husband and not upon her credit or upon the credit of her interest in the land; and she gave no notice to the plaintiff of her disapproval of the work or of the fact that she owned the land, or that her husband had no authority to act for her.

On these facts the plaintiff asked the court to decide that the labor and materials furnished by him were furnished by the consent of Mrs. Holt within the meaning of the statute concerning mechanics' liens. The court did not so decide, but rendered judgment against the plaintiff. He appeals, and assigns as his reason of appeal the refusal of the court to rule and decide according to his request.

The statute concerning mechanics' liens (General Statutes, § 3018) is as follows:—" Every building, in the construction or repair of which or of any of its appurtenances any person shall have a claim for materials furnished or services rendered exceeding twenty-five dollars in amount, by virtue of an agreement with or by consent of the owner of the land upon which such building is erected, or some person having authority from or rightfully acting for such owner in procuring or furnishing such labor or materials, shall, with the land on which the same may stand, be subject to the payment of such claim; and such claim shall be a lien on such land, buildings and appurtenances, and shall take precedence of any other incumbrance originating after the commencement of such services or the furnishing of any such materials, subject to apportionment, as provided in section 3021; and said premises may be foreclosed by such person in the same manner as if held by mortgage."

The facts exclude any agreement by the plaintiff with

Mrs. Holt; exclude also any rendering of services or furnishing of materials by virtue of any agreement with or the consent of any person having authority from or rightfully acting for her. His claim then must be sustained, if it can be sustained at all, as he seems to admit, upon the theory that he rendered the services and furnished the materials "by consent of the owner of the land," within the meaning of the statute just cited.

Consent means the unity of opinion—the accord of minds —to think alike—to be of one mind. Consent involves the presence of two or more persons, for without at least two persons there cannot be an unity of opinion, or an accord of minds, or any thinking alike. When the statute uses the words "by the consent of the owner of the land," it means that the person rendering the service or furnishing the materials and the owner of the land on which the building stands must be of one mind in respect to it. The words "consent of the owner" are used in the statute as something different from an agreement with the owner; and while it may be urged that they do not require such a meeting of the minds of the parties as would be essential to the making of a contract, there must be enough of a meeting of their minds to make it fairly apparent that they intended the same thing in the same sense. It cannot be supposed that the statute was designed to be made a cover for entrapping a party into a seeming consent when there was no real one. Without this degree of unanimity there could be no real consent. *Gilman* v. *Disbrow*, 45 Conn., 563; *Flannery* v. *Rohrmayer*, 46 Conn., 560. It is plain from the finding that Mrs. Holt never consented to the thing which the plaintiff claims. She consented indeed to the building of houses on her land by her husband upon his promise that they should be built without any expense to her and without any risk to her interest in the land. She did not consent even that her husband should build them at her expense or upon the credit of her land. Much less did she ever consent that the plaintiff should build them at her charge.

Nor is there anything in the facts to estop Mrs. Holt. She

had made an arrangement with her husband in the nature of a contract between herself and him by which he was to build the houses at his own expense. She knew that the plaintiff was at work on the houses, but she supposed he was acting upon the sole credit of Mr. Holt. She never knew that he had or claimed to have any right of lien on her land. She knew that if he was a sub-contractor he would have to give her notice in order to bind her land by any lien. She had the right to act upon the belief that the plaintiff had not neglected to examine the records or to ascertain the exact authority which Mr. Holt had in the premises. An estoppel implies some fraud or neglect of duty in the party estopped. Neither is chargeable to Mrs. Holt. There could be no duty resting upon her to communicate facts to the plaintiff of which he was ignorant only by his own negligence. One setting up an estoppel *in pais*, is himself bound to the exercise of good faith and due diligence to know the truth. *Moore* v. *Bowman*, 47 N. Hamp., 494. To sustain the plaintiff's claim would be equivalent to a fraud on Mrs. Holt. It would be to visit on her the result of the plaintiff's own negligence.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.