IRVING U. LYON vs. CYNTHIA CHAMPION AND OTHERS.

| 62 | 75 |
|----|----|
| 66 | 53 |
| 62 | 75 |
| 70 | 75 |
| 62 | 75 |
| 74 | 120 |

New London Co., May T., 1892. ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and FENN, Js.

C, a married woman, who owned a dwelling-house and land subject to her husband's life estate, consented that he should have certain improvements made upon the house, under an agreement with M, her son's wife, who had the necessary funds, that she should furnish the money and afterwards receive a deed of the premises, giving back a life lease of one tenement. The husband thereupon procured the plaintiff, a builder, to examine the house and see what was necessary to be done; and he did so, C being present. He soon after made a plan and gave it to the husband, who then arranged with him to do the work by the

day. He was at this time informed that *M* was to furnish the money. During the progress of the work the husband gave directions about it, as did also occasionally *C* and *M*. The statute (Gen. Statutes, § 3018,) provides for a builders' lien upon any building constructed or repaired, where the work is done "by virtue of an agreement with or by consent of the owner of the land." Held that the plaintiff could not be regarded as having done the work upon an agreement with or by consent of *C*.

SUIT to foreclose a builders' lien ; brought to the Superior Court in New London County, and tried before *Thayer*, *J.* Facts found and judgment for the plaintiff, and appeal by Cynthia Champion, the principal defendant. The case is fully stated in the opinion.

*A. Brandegee* and *W. C. Noyes*, for the appellant.

*S. Lucas* and *W. Belcher*, for the appellee.

FENN, J. The plaintiff seeks in this action, by virtue of a mechanics' lien, to foreclose the interest of Mrs. Champion in premises which belong to her subject to her husband's life estate. The case comes to this court by the defendant's appeal. It appears that Mrs. Champion, with some reluctance, consented to the making of certain improvements to the family dwelling. This consent was given to her husband and to her son's wife, Mary, under an express arrangement and agreement that the latter, who had available funds, should furnish the money required, and after the improvements were completed, receive a deed of the premises, giving back a life lease of one tenement. Thereupon the plaintiff was invited by Mr. Champion to visit the premises, to see what was necessary to be done, and did so, the defendant being present. The plaintiff afterwards made a plan and gave it to Mr. Champion, who said it was satisfactory, and arranged for the materials, and for the work to be done by the day. The plaintiff at this time was informed that Mary was to furnish the money to pay for the improvements. During the progress of the work Mr. Champion generally gave necessary directions as to details, but Mary and the defendant occasionally gave such directions, each as to the tenement

which they were to occupy respectively. The plaintiff's bill was about $1,500, and the value of the property was thereby increased to that amount.

We will dispense with the examination of certain questions presented by the reasons of appeal. They mainly relate to the reception of evidence. If admitted only for the purpose which the plaintiff now claims, it was immaterial. To have been of any value to the plaintiff such evidence must have been received and considered for other purposes, and that the plaintiff does not now seek to vindicate. We omit further consideration of the matter, because the first reason of appeal, which is that " the court erred in refusing to rule as requested by the defendant, that such materials were not furnished or services rendered by virtue of an agreement with her, or by her consent, or with some person having authority from or rightfully acting for her," appears to us to be well founded, and decisive of the case, which we think clearly falls within the principle, and is controlled by the authority, of the decision in *Huntley* v. *Holt*, 58 Conn., 446. That there was any evidence adduced from which the court below would have been warranted in finding an agreement by the defendant with the plaintiff, cannot be claimed. *Gilman* v. *Disbrow*, 45 Conn., 565 ; *Flannery* v. *Rohrmayer*, 46 id., 560 ; *Way* v. *Peck*, 47 id., 23. Nor did it any more appear that Mr. Champion, who was also the owner of a life estate in the premises, had authority from her, or was rightfully acting for her, in making any agreement or in giving consent. The case must therefore turn upon the question of her own consent, directly given. And we are compelled to think, upon an examination of the facts found, that the learned court below committed an error, which consisted in an incorrect view and ruling concerning what constitutes " consent of the owner," within the true intent and meaning of the statute concerning mechanics' liens, (Gen. Statutes, § 3018,) which is, of course, a question of law subject to review. That Mrs. Champion consented that the work should be done fully appears. That she knew the plaintiff proposed to do the work, and afterwards that it

was in fact being done by him, and that she, as well as Mary, gave some minor directions, also appears. And this is all. And being all, there is no more in this case to found a claim upon than in that of *Huntley* v. *Holt, supra.* In that case Mrs. Holt knew that the houses were being built and that the plaintiff was building them. But she supposed that the work was being done upon the personal credit of the husband, who had himself no interest in the property. Here Mrs. Champion supposed that the work was being done at the expense of Mary, to be repaid to Mary in the special way named, which would leave her a life-lease of the tenement she desired to occupy. The plaintiff was himself informed that Mary was to furnish the money to pay for the improvements. If he, nevertheless, expected the defendant to be responsible to him, there was clearly no meeting of minds between them, so as " to make it fairly appear that they intended the same thing in the same sense." For the most that can be said is, that the defendant consented that the plaintiff should do the work, but not that he should do it for her or at her charge. It was the plaintiff's own negligence if he was misled by this, since he never spoke to the defendant upon the subject, and never gave her any notice that he expected to charge her. To borrow the concluding language in *Huntley* v. *Holt*— " She never knew that he had, or claimed to have, any right of lien on her land. She knew that if he were a sub-contractor he would have to give her notice in order to bind her land by any lien. An estoppel implies some fraud or neglect of duty in the party estopped. Neither is chargeable. There could be no duty resting upon her to communicate facts to the plaintiff of which he was ignorant only by his own negligence. One setting up an estoppel *in pais* is himself bound to the exercise of good faith and due diligence."

There is error in the judgment complained of, and it is reversed.

In this opinion ANDREWS, C. J., and CARPENTER and SEYMOUR, Js., concurred; TORRANCE, J., dissented.