## James S. Alderman vs. The Hartford and New York Transportation Company et al.

First Judicial District, Hartford, January Term, 1895. ANDREWS, C. J., TORRANCE, FENN, BALDWIN AND HAMERSLEY, Js.

The owner of a building in process of erection knew that the contractor, A, had made a sub-contract with B, and made no objection. B ordered material of C, which was delivered on the premises, and used in the building. The owner knew that the material came from C, and it was delivered with his knowledge and acquiescence. *Held* that the material was not furnished " by virtue of an agreement with, or by consent of the owner," within the meaning of § 3018 of the General Statutes, and that consequently C could not claim a lien therefor.

In an action of interpleader brought by the owner against A and C, to determine to whom he should pay a balance remaining due to A on the original contract, it appeared that A was indebted to B, and B to C. B had orally and repeatedly instructed both the owner and A to pay the money due him to C, and testified on the trial that it should be so paid. *Held* that as B was not a party to the action, and had made no assignment of the amount due him to C, a judgment ordering payment to C could not be sustained.

[Argued January 3d—decided March 5th, 1895.]

ACTION in the nature of a bill of interpleader, brought to the City Court of Hartford and tried to the court, *McManus, J.;* facts found and judgment rendered in favor of the Transportation Company, and appeal by the respondent Hardendorff, for alleged errors in the rulings of the court. *Error, judgment set aside and cause remanded.*

The case is sufficiently stated in the opinion.

*Timothy E. Steele* and *Federick A. Scott,* for the appellant (Hardendorff).

I. A mechanics' lien is wholly the "creation of statute," and was unknown either at common law or in equity. Phillips on Mechanics' Liens, §§ 1, 49; *Chapin* v. *Persse,* 30 Conn., 461; *Bridge Company* v. *R. R. Co.,* 72 Ill. 506.

II. To entitle the Transportation Company to a lien, it must show that said stone was furnished by it under an agreement with, or by consent of, said Alderman or some person having authority from, or rightfully acting for, said Alderman. This is required by our statute. Gen. Statutes, § 3018. The finding discloses no agreement between said Transportation Company and said Alderman, and no agreement has ever been claimed.

Moreover the stone in question was not furnished for the construction of said building "by consent of the owner of the land," that is, by Alderman's consent; if the word consent is given the significance evidently intended by the legislature. *Huntley* v. *Holt,* 58 Conn., 445; *Lyon* v. *Champion,* 62 id., 75; *Gilman* v. *Disbrow,* 45 id., 563; *Flannery* v. *Rohrmayer,* 46 id., 560; *Geddes* v. *Bowen,* 19 S. Car., 1; *Gray* v. *Walker,* 16 id., 143; Jones on Liens (2d ed.), § 1253.

III. The Transportation Company was not entitled to a lien as a "sub-contractor." *Farmers L. & T. Co.* v. *Canada etc. R. R. Co.,* 127 Ind., 257; Jones on Liens, § 1283.

"If the right to the lien can be extended indefinitely then it is very obvious there could be no safety in contracting for the erection of a building and no prudent man would do it." *McGugin* v. *Ohio River R. R. Co.,* 33 W. Va., 63, 10 S. E. Rep., 36; *Cairo & St. Louis R. R. Co.* v. *Watson,* 85 Ill.,

MARCH, 1895. 49

Alderman *v.* Hartford & New York Trans. Co. et al.

531; *Newhall* v. *Kastens*, 70 id., 156; *Rothgerber* v. *Dupuy*, 64 id., 452; *Merriman* v. *Jones*, 43 Minn., 19, 44 N. W. Rep., 526; *Carlisle* v. *Knapp*, 51 N. J. L., 321, 17 Atl. Rep., 633; *Consociated Presbyterian Society* v. *Staples et al.*, 23 Conn., 558, 559; *Spry Lumber Co.* v. *Trust Co.*, 77 Mich., 199, 43 N. W., 778; *Mellis* v. *Race*, 78 id., 80, 43 N. W. Rep., 1033; *Meyer* v. *Berlandi*, 39 Minn., 438, 40 N. W. Rep., 513.

IV. If, however, this court should be of opinion that the lien is a valid one, then this defendant claims that the Transportation Company was clearly not entitled to a lien for the stone that never went into Alderman's building. It is not sufficient that materials are furnished for a particular building, if they do not in fact go into it. *Chapin et al.*, v. *Persse & Brooks Paper Works*, 30 Conn., 461; *Deardorff* v. *Everhartt*, 74 Mo., 37; *Simmons* v. *Currier*, 60 id., 581; *Fitzgerald* v. *Thomas*, 61 id., 512; *Schulenberg* v. *Prairie Home Institute*, 65 id., 295; *Steinkamper* v. *McManus*, 26 Mo. App., 51; *Burns* v. *Sewell*, (Minn.) 51 N. W. Rep., 224; *Hickey* v. *Collam*, 47 Minn., 560, 50 N. W. Rep., 918; *Silvester* v. *Coe Quartz M. Co.*, 80 Cal., 510, 22 Pac. Rep., 217; *Rogers v. Currier*, 13 Gray, 129.

*Charles A. Safford*, for the appellee (Hartford and New York Transportation Co.).

I. Hardendorff's claim should have been made by demurrer. *Trowbridge* v. *True*, 52 Conn., 191; *Merwin* v. *Richardson*, ibid., 224; *Donaghue v. Gaffey*, 53 id., 43.

II. The controlling words of § 3018 of the General Statutes are that " any person shall have a claim for materials furnished or services rendered * * * by consent of the owner." These words are broad and comprehensive, and are confined to no class of persons. The early statutes were limited to a class; the Act of 1836 to contractors. The Act of 1839 was extended to sub-contractors; and the Act of 1852 swept away all classes, and substituted "any person." *Consociated Presby. Soc.* v. *Staples*, 23 Conn., 560. Persons employed by a sub-contractor, and working on a building by the owner's consent, were held entitled to a lien in the case

50 MARCH, 1895.

Alderman *v.* Hartford & New York Trans. Co. et al.

of *Clark* v. *Kingsley*, 8 Allen, 545, under the words of the statute, "by consent of the owner." See also *Lumbard* v. *Syracuse R. R. Co.*, 64 Barb., 609. Statutes enacted for the benefit and protection of mechanics and material men, being eminently remedial, are liberally construed. 15 Amer. and Eng. Ency. of Law, 179.

III. The stone of the value of $10.50 was properly allowed. The court finds that Hardendorff was indebted for the stone. He should have taken exception to the proof of the claim, and not waited until the testimony was closed. It was then too late. The amount is too trivial for a claim of error. *Brown* v. *Town of Southbury*, 53 Conn., 212.

TORRANCE, J. This is a complaint in the nature of a bill of interpleader brought against Hardendorff and the Transportation Company, as adverse claimants of a fund of one hundred and fifty dollars in the hands of the plaintiff. The lower court decided against Hardendorff, and from its judgment he brings the present appeal.

In April, 1892, Hardendorff agreed to build and fully complete for the plaintiff, Alderman, on the lot of the latter in the city of Hartford, a store and tenement for $3,300. The building was duly completed and the plaintiff paid Hardendorff therefor in full, with the exception of $150 which is the fund in dispute. Hardendorff claims the entire fund as the balance due to him on the building contract, and the plaintiff is ready and willing to pay it to him if he can be protected against the claims of the other defendant. Hardendorff sublet the work of building the cellar and foundation walls of said store and tenement to Thomas Coleman and one Kelly, at the agreed price of $3.20 per perch; Coleman and Kelly to furnish all the materials and labor therefor. Kelly, however, very soon dropped out of this sub-contract, and Coleman went on with it alone. In April, 1892, Coleman purchased a boat-load of stone of the Transportation Company at the agreed price of $140. This stone was delivered to him on Alderman's lot on the 8th of April, 1892, and, with the exception of six perch worth $10.50, all of it was used

in building the cellar and foundation walls aforesaid. Coleman never paid any part of the price of said stone, and on May 28th, 1892, the Transportation Company gave notice in writing to the plaintiff, Alderman, of its intention to claim a lien on his lot and building aforesaid for the price of said stone; and on June 4th, 1892, said company lodged for record in the office of the town clerk of the town of Hartford a mechanic's lien against said premises for $140. The claims of the Transportation Company as set up in its answer are based solely upon this claimed lien.

In addition to the above facts, the court below found as follows: that the full amount due from Hardendorff to Coleman under the sub-contract was $323.20; that on or before April 23d, 1892, Hardendorff had paid Coleman under said contract $270, leaving due thereon the sum of $53.20; that Hardendorff also owed Coleman the further sum of $10.50 for the six perch of stone before mentioned not used in Alderman's building, which stone it was found Hardendorff had sold, making in all $63.70 due from Hardendorff to Coleman; that Coleman purchased the boat-load of stone from the Transportation Company with the knowledge of Hardendorff, and all of it "was delivered on the premises of the plaintiff with the knowledge and consent of the plaintiff and of Hardendorff, that said stone came from said company."

The finding continues as follows: "Both plaintiff and Hardendorff have known that the Transportation Company have been paid nothing on account of said stone, and ever since April 23d, 1892, they have known that it was the desire of said Coleman, that all moneys due to him from Hardendorff, should be paid to the Transportation Company, on their claim for said boat-load of stone. Said Coleman voluntarily appeared as a witness on the trial of this cause, and in open court claimed that the money due him should be paid to said company. Hardendorff has never made any offer or shown any willingness to pay what is due on said amount, either to Coleman or to said company. And on the last occasion when Coleman applied to him for a final settlement, Hardendorff drove him from the premises with abuse."

Upon these facts, substantially, Hardendorff claimed, first that the Transportation Company had no valid lien on the premises of Alderman, because the stone was not furnished by virtue of an agreement with, or by the consent of Alderman, as required by the statute, and because the company in furnishing said stone was not a sub-contractor within the meaning of the statutes on that subject; second that if it had any valid lien for the stone that went into the building, it had none for the six perch which were not used in the building. The court decided that " upon all the facts above set forth, the Transportation Company was equitably entitled to the above mentioned sums, to wit, $53.20 and $10.50, in all $63.70, out of the moneys in the hands of the plaintiff, and the plaintiff is ordered to pay the same to said Hartford & New York Transportation Company together with its lawful witness fees. The plaintiff shall further deduct from said $150 his taxable costs in this complaint, and shall pay the balance remaining to said respondent, Hardendorff."

Coleman was not a party in this proceeding.

Strictly speaking, the Transportation Company had no claim to the fund in dispute, as such, and in its answer it made none. Hardendorff claimed the entire fund, and the company claimed a lien upon Alderman's premises for $140, and it threatened to foreclose that lien. Under these circumstances Alderman sought, and was probably justified in seeking, the aid of a court of equity. Whether the court below, in arriving at the conclusion reached by it, held that the lien of the Transportation Company was or was not a valid one, contrary to the claim of Hardendorff, does not perhaps with entire certainty appear, but we think the fair implication from the record is that it held the lien to be valid.

We think the Transportation Company had no valid lien upon Alderman's premises for the stone furnished, because the court has not expressly found that they were furnished by virtue of any agreement with, or by the consent of, Alderman, or of some person having authority from or rightfully acting for him, as required by the statute; nor do the facts

found warrant any such finding. All that is found upon this point is in substance this: that Alderman had knowledge of the sub-contract with Coleman and did not object to it; and that the boat-load of stone was delivered on his premises with his consent, and with his knowledge that they came from the Transportation Company. This clearly is not enough. *Huntley* v. *Holt*, 58 Conn., 445; *Lyon* v. *Champion*, 62 id., 75. And whatever might be said about the stone that were used in erecting the building, clearly there could be no lien for the stone not so used, but sold to others and used elsewhere.

As this disposes of the claim of lien, we deem it unnecessary to consider the other point made as to whether the Transportation Company was, under the circumstances disclosed, a person who could in any event claim a lien. But the Transportation Company insists that whether it had a lien or not, it stood in Coleman's shoes, and that the court below was justified upon the facts found in deciding that it was equitably entitled to the sum actually found to be due from Hardendorff to Coleman, and which it is found Coleman desired to have paid to the Transportation Company. We are inclined to think this was the view of the case taken by the court below, and upon which its judgment proceeded; and if the record and the facts found warranted such a view we should be glad to sustain the judgment. The trouble, however, is that neither the record nor the facts found warrant such a view. The Transportation Company does not stand in Coleman's shoes and does not, on the record, claim by assignment from him. So far as the record shows it stood entirely upon its own claim of lien. Coleman was not a party to this proceeding and is not bound or in any way legally affected by the judgment. It is true he voluntarily appeared as a witness in the case " and in open court claimed that the money due him should be paid to said Company "; and the court finds that " Hardendorff and the plaintiff have been repeatedly verbally instructed by Coleman to pay " the amount due to him to the Transportation Company; but all this falls very far short of an assignment; the most that can

be said of it perhaps is that it evinces a vehement desire to make an assignment, and to have the amount paid to the company. The court below does not expressly find that there was any such assignment; nor has it found any facts from which it can reasonably be inferred that there was any such assignment; on the contrary the whole record shows that no such assignment had been made in fact, and that the Transportation Company did not rely upon any such assignment, but upon its own claim of lien. If Coleman desired to transfer his claim against Hardendorff to the Transportation Company it would have been an easy matter to have done so; or, if the parties had desired to bind Coleman in this proceeding, it would have been an easy matter to have made him a party; but neither of these things was done. As the case stood, then, upon the facts found, and upon the claims made by it on the record, the Transportation Company had no right, legal or equitable, to the fund in the plaintiff's hands, and as against it the fund belonged to Hardendorff.

There is error in the judgment of the court below, and it is set aside and the case remanded to the lower court to be proceeded with in accordance with this opinion.

In this opinion the other judges concurred.