SAMUEL P. AVERY ET AL. *vs.* ROBERT J. SMITH, TRUSTEE
ET ALS.

First Judicial District, Hartford, January Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

Under our mechanic's lien law, a subcontractor's right of lien depends upon the existence of such a right in the original contractor, whether perfected by him or not; and unless the original contractor's agreement for the work is such that under it he would have been entitled to a lien, the subcontractor cannot be so entitled.

The statute (General Statutes, § 5217), which provides that the claim which the lien secures shall be by virtue of an agreement with or by the consent of the owner of the land upon which such building is erected, requires a consent that indicates an agreement that the owner of at least the land shall be or may be liable for the materials or labor; and hence the land of a Woman's Christian Association is not subject to lien where its trustees consented merely that the donor of the land might erect thereon at his own expense a building for the association.

Where money is due a bankrupt contractor from one under a contract for a building on another's land, the claims of subcontractors

against the contractor cannot be ordered paid from such money, since they have only claims as creditors against the bankrupt estate and have no claim or priority in the fund due that estate.

One who has given and conveyed land to an association and thereafter contracts for the erection of a building on the land for the benefit of the association, is not even the equitable owner of the land and has no equitable interest therein because of the contract.

Argued·January 4th—decided April 20th, 1921.

ACTION of interpleader to determine the rights of the respective defendants, creditors of a bankrupt building contractor, in and to the balance of the contract price of a building erected by the plaintiff Avery, at his own expense, upon land which he had theretofore given to the other plaintiff, brought to and tried by the Superior Court in Hartford County, *Maltbie, J.;* facts found and judgment rendered sustaining the claim of the trustee in bankruptcy of the general contractor and awarding him the entire fund of $7,000 less the reasonable expenses of the plaintiff Avery, from which the defendant Johnson, the principal subcontractor, appealed. *No error.*

*Benedict E. Lyons,* with whom was *Albion B. Wilson,* for the appellant (defendant Johnson).

*Herbert O. Bowers,* for the appellee (defendant Smith, trustee).

GAGER, J. Samuel P. Avery, a man of means and interested in the Woman's Christian Association, on April 15th, 1916, conveyed the land in question to the association by a deed duly recorded. This conveyance constituted a gift to the association, so intended and so received. Avery also desired to erect a recreation building upon the land as a further gift to the association, and for that purpose in July, 1916, made a contract with a building firm, to which one Truax succeeded. Avery was a

trustee of the association. One Cooley was chairman of the trustees. All had conferred together with respect to the proposed gift, and the association consented that Avery, at his own expense, might erect a building without any financial responsibility on the part of the association and as a gift to it. Under these circumstances a subcontractor, Johnson, claimed that, upon filing the proper papers, he was entitled to a subcontractor's lien. At the completion of the building Truax owed Johnson a balance of $5,590.06. Truax went into bankruptcy April 1st, 1918, at which time $7,000.79 was due and unpaid to him by Avery, upon the building contract. Other liens of subcontractors were also claimed. Avery was ready and willing to pay. The claimed lienors demanded that they should be first paid by reason of their liens on the land of the association or otherwise. The trustee in bankruptcy of Truax, contractor, claimed there was no lien either upon the land of the association or upon the fund in Avery's hands, and that the $7,000.79 was simply a debt of Avery, payable to him as part of Truax's bankrupt estate. The association also claimed that there was no lien upon its land.

It is well settled that under our mechanic's lien law a subcontractor's right of lien depends upon the existence of such a right in the original contractor, whether perfected by him or not; and therefore, in this case, the right of Johnson and the other claimant subcontractors to liens depends upon whether such a right would have existed in Truax, the original contractor. The theory of our law is well stated in *Tice* v. *Moore*, 82 Conn. 244, 73 Atl. 135, as follows (p. 248): "Statutes allowing liens in such cases are of two classes. In one, the lien is allowed upon the ground that the subcontractor is equitably entitled to a lien which would otherwise attach in favor of the original contractor; in the other, upon the ground that the labor or materials furnished have so

enhanced the value of the real estate that it would be inequitable to allow the owner to be enriched at the expense of the subcontractor. *Waterbury Lumber & Coal Co.* v. *Coogan*, 73 Conn. 519, 521, 48 Atl. 204. Under statutes of the latter class the subcontractor has an independent right of lien and is not simply subrogated to the rights of the contractor. Under such statutes it is held that the subcontractor's right of lien cannot be defeated by the default, misconduct, or even the fraud of the original contractor. *Berger* v. *Turnblad*, 98 Minn. 163, 167, 107 N. W. 543. Under statutes of the former class the subcontractor is simply subrogated to the rights of the original contractor. If, had he paid the subcontractor, the original contractor would not under the statute be entitled to file a lien for the amount so paid, the latter is entitled to no lien." See also *Ennis* v. *Parkhurst*, 87 Conn. 686, 89 Atl. 346; *Hubbell, Hall & Randall Co.* v. *Pentecost*, 89 Conn. 262, 93 Atl. 672.

The vital question then is, would Truax, under the contract with Avery and with the title to the land in the association, as above stated, have been entitled, under any circumstances disclosed here, to claim a lien on this land which Avery had some months before conveyed to the association? We think not, and agree with the trial court that the cases of *Huntley* v. *Holt*, 58 Conn. 445, 20 Atl. 469; *Lyon* v. *Champion*, 62 Conn. 75, 25 Atl. 392; *Alderman* v. *Hartford & N. Y. Trans. Co.*, 66 Conn. 47, 33 Atl. 589, and *Peck* v. *Brush*, 90 Conn. 651, 98 Atl. 561, are conclusive against any right of lien on the part of the original contractor, and so against any such right on the part of the subcontractors. The contract of Truax was with Avery, who was not the owner of the land. The statute (§ 5217) provides that the "claim shall be by virtue of an agreement with or by consent of the owner of the land upon which such building is erected." There was no agreement in any

contractual sense between Truax or Avery and the association. The appellant strenuously contends, however, that the association did consent to the contract between Avery and Truax within the meaning of the statute. From the finding it appears that Truax looked alone to the financial responsibility of Avery, and did not take the contract upon the credit of the association, nor did he have any agreement with the association with reference to it. Avery never represented that he was the owner of the land, or that he in any way acted for the association, nor did Truax ever inquire as to the ownership or examine the land records.

Francis R. Cooley was chairman of the board of trustees of the Woman's Christian Association in 1916 and 1917, and Avery consulted with him on various occasions about the proposed building. He (Cooley) conferred with others of the trustees of said association about the matter. On several occasions he went to Rocky Hill to observe the progress of the construction of said building. No action was officially taken by the association or its trustees about the building, but the building was erected with the consent and approval of the association and its trustees.

The meaning of "consent" as used in the mechanic's lien statute has been discussed in both *Huntley* v. *Holt*, 58 Conn. 445, 20 Atl. 469, and *Lyon* v. *Champion*, 62 Conn. 75, 25 Atl. 392. In both of these cases the owner knew of the contract, and that the work was going on, and in the *Champion* case at least gave some minor directions, yet the court held that these facts did not constitute the consent the statute required. In each case there was no consent that the work should be done at the owner's expense. On the contrary, it was specifically understood by the owner that the work was not to cause any expense to him. So here, we think the utmost that is shown is that the association was willing to let

Avery build and give the recreation building to it on Avery's proposition that it was to be a gift, and not the source of any expense to it. The consent meant by the statute must be a consent that indicates an agreement that the owner of at least the land shall be, or may be, liable for the materials or labor. As stated in *Peck* v. *Brush*, 90 Conn. 651, 98 Atl. 561: "It is not necessary that the materials shall be furnished under an express contract, but it is enough if they are furnished with the consent of the owner of the land, so that there is an implied contract by him to pay for them." No such situation appears here, either with reference to Truax or to the subcontractors. Upon the authorities referred to, Truax had no consent of the association, and never was in a position to assert a lien, because his case was not within the statute. From this it follows, under the rule as stated, that the subcontractors could have no lien on the land owned by the association, for there was no right of lien to which they could be subrogated.

Having determined that no lien exists against the association, we come to the question of interpleader proper, under which Avery, the original contractor with the builder, asks whether the balance due from him shall be paid to the trustee in bankruptcy of Truax or to the subcontractors of Truax. Under the statute a mechanic's lien is created to attach only to the building and land on which it stands. In this case, had a lien existed its existence would have created a liability of the association only if it wished to protect its interest in the land, i. e., the lien would only have charged the land, and we do not see how it could in any way affect the debt of the giver, Avery, to the builder, whose contract was with Avery alone. The building contract alone thus furnishes no basis for establishing a lien against Avery. In fact no lien has been claimed against him. It was filed against the association only. No

privity of contract existed between Avery and the sub-contractors of Truax. As to Avery the situation was never any other than that he became the debtor of Truax, and Truax became the debtor of Johnson and the other subcontractors, and the only way the subcontractors could come at the debt of Avery to Truax was by suit against Truax and garnishment of the money due Truax in Avery's hands as though the mechanic's lien law had no existence. The balance to be paid by Avery was due and unpaid to Truax at the time of this bankruptcy, and was therefore payable to his trustee in bankruptcy alone. The subcontractors, Johnson and the others, must resort to their claims as creditors of the bankrupt estate of Truax, and have no claim against Avery, and no priority as against the fund in his hands payable to the bankrupt estate.

There are two other points of the claimant which perhaps we should notice, as claims upon which he apparently places some reliance. It is claimed that because Avery had given the land to the association he was the equitable owner at the time of the contract with Truax. The gift of the land had been made to the association about three months before the building contract was made, and when there were no obligations which could operate as a charge upon the land. Avery's deed constituted an absolute gift, and his building contract with Truax three months after could not of itself create an equitable interest against the association because the title had been conveyed long before any liability had been incurred under the building contract. The fact that Avery was undertaking by a contract, to make a gift of the building on the land he had conveyed, no more operated to make him an equitable owner of the land than he would have been had a third party made a gift of the land, or it had been paid for by the association.

The appellant also claims that the subcontractor is not bound in every instance by the secret terms of the contract between the general contractor and one not owning the land. Whatever the appellant may mean by this, it certainly cannot be true that any contract of Avery with Truax can operate in any way to bind the association, without its agreement or consent under the terms of the statute, which, as we have seen, is entirely lacking.

We think the rules as we have applied them to the facts of this case cover the whole case, and that it is not necessary to mention certain minor claims of the appellant, which are unimportant in view of the result already reached.

There is no error.

In this opinion the other judges concurred.