ST. CATHERINE'S CHURCH CORPORATION OF RIVERSIDE *v.* TECHNICAL PLANNING ASSOCIATES, INC.
(5089)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Submitted on briefs December 5, 1986—decision released February 17, 1987

*David J. McDonald* filed a brief for the appellant (defendant).

*Joseph H. Pellegrino* filed a brief for the appellee (plaintiff).

SPALLONE, J. The defendant, Technical Planning Associates, Inc., entered into an agreement with the plaintiff's lessee, Augustana Homes, Inc. (Augustana), to furnish architectural services for the construction of a housing project on land owned by the plaintiff lessor, St. Catherine's Church Corporation of Riverside. Augustana had leased the land from the plaintiff, and, with the plaintiff's consent, had initiated the housing project. The defendant furnished architectural services to Augustana and, after a dispute arose between them, the defendant filed a mechanic's lien against the real estate owned by the plaintiff. The plaintiff thereafter filed an application to discharge the mechanic's lien. The trial court granted the application and the defendant appealed.

The defendant claims the trial court erred (1) in discharging the mechanic's lien, and (2) in requiring a greater burden of proof on the defendant than is required to maintain a mechanic's lien. Both contentions are without merit.

A mechanic's lien is a creature of statute. *Camputaro* v. *Stuart Hardwood Corporation,* 180 Conn. 545, 550, 429 A.2d 796 (1980); *Swift & Upson Lumber Co.* v. *Hatch Co.,* 115 Conn. 494, 498, 162 A. 19 (1932). Its remedial purpose is to furnish security for a contrac-

tor's labor and materials. *Camputaro* v. *Stuart Hardwood Corporation,* supra; *Stone* v. *Rosenfield,* 141 Conn. 188, 191, 104 A.2d 545 (1954). General Statutes § 49-33 (a)[1] governs the availability of mechanic's liens and provides protection to those lienors who have an agreement with or consent of the owner of the land or of some person having authority from or rightfully acting for the owner. *Hall* v. *Peacock Fixture & Electric Co.,* 193 Conn. 290, 293, 475 A.2d 1100 (1984); *Seaman* v. *Climate Control Corporation,* 181 Conn. 592, 595, 436 A.2d 271 (1980).

The defendant claims that the trial court erred in failing to find that the plaintiff had consented to work performed by the defendant. Under General Statutes § 49-33 (a), the consent required from the owner or one acting under the owner's authority is more than the "mere granting of permission for work to be conducted on one's property"; *Hall* v. *Peacock Fixture & Electric Co.,* supra, 295; or the mere knowledge that work was being performed on one's land. *Avery* v. *Smith,* 96 Conn. 223, 227, 113 A. 313 (1921); *Lyon* v. *Champion,* 62 Conn. 75, 77, 25 A. 392 (1892); *Huntley* v. *Holt,* 58 Conn. 445, 449, 20 A. 469 (1890); *Wilbur Smith & Associates, Inc.* v. *F & J, Inc.,* 34 Conn. Sup. 638, 640, 382 A.2d 541 (1977). "The consent meant by the statute must be a consent that indicates an agreement that the owner of at least the land shall be, or may be, liable for the materials or labor. As stated in *Peck* v. *Brush,* 90 Conn. 651, 98 Atl. 561 [1916]: 'It is not necessary that the materials shall be furnished under an express contract, but it is enough if they are

---

[1] General Statutes § 49-33 (a) provides in pertinent part: "If any person has a claim for more than ten dollars for . . . services rendered . . . in the improvement of any lot or in the site development or subdivision of any plot of land, and the claim is by virtue of an agreement with or by consent of the owner . . . or of some person having authority from or rightfuly acting for the owner . . . then the plot of land, is subject to the payment of the claims."

furnished with the consent of the owner of the land, so that there is an implied contract by him to pay for them.' " *Avery* v. *Smith,* supra, 228.

Whether the plaintiff consented to the performance of the defendant's work for Augustana is a question of fact. Our review of the trial court's factual findings is limited to the question of whether the findings are clearly erroneous. Practice Book § 4185 (formerly § 3063); *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982); *Abacus Mortgage Ins. Co.* v. *Whitewood Hills Development Corporation,* 2 Conn. App. 460, 463, 479 A.2d 1231 (1984). While the defendant has pointed to a statement in the plaintiff's trial brief as evidence that the plaintiff had consented to pay the defendant for its work, it has not referred us to any evidence introduced at trial that would support this conclusion. We cannot, therefore, find that the trial court's conclusion on this issue was clearly erroneous.

The defendant also claims that the mechanic's lien was proper because Augustana, who did consent to the work, was acting on behalf of the plaintiff when it contracted for the defendant's services. See *Hall* v. *Peacock Fixture & Electric Co.,* supra, 293. Again we are confronted with a factual finding of the trial court arrived at after a trial on the merits. The court found that while there was a commonality of membership on the board of directors of Augustana and the plaintiff and that both Augustana and the plaintiff had a relationship with the Diocese of Bridgeport, the defendant had not proved that there was such an identity of interest between the plaintiff and Augustana so as to justify the conclusion that Augustana had acted on behalf of the plaintiff in contracting for the defendant's services. We do not find this conclusion to be clearly erroneous.

The defendant's second claim, that the trial court imposed a greater burden of proof on it than that

required by law, is unsubstantiated by the record in this case. General Statutes § 49-35b (a) requires that the lienor filing the mechanic's lien must "establish that there is probable cause to sustain the validity of his lien" at the hearing on an application to discharge the lien. A review of the record, transcripts and briefs fails to disclose any basis for concluding that the trial court imposed a greater burden of proof than the "probable cause" standard of this statute.

There is no error.

In this opinion the other judges concurred.