[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISCHARGE MECHANIC'S LIEN
The applicants, owners of the property against which the mechanic's lien was filed, have moved to discharge it because the work performed by the respondent was not with their consent as required by section 49-33(a) of the General Statutes. The testimony at the hearing and the documents filled have been considered. In order to claim a lien upon land to which services or materials were furnished by the claimant, the lienor must have either (1) an agreement with or the consent of the owner of the land, or (2) the consent of some person having authority from or rightfully acting for the owner in procuring services or materials. Hall v. Peacock Fixture Electric Co., 193 Conn. 290, 293. Under the statute, consent of the owner or one acting under the owners authority is more than the mere granting of permission for work to be conducted on the property or the mere knowledge that work was being performed on the land; consent means an agreement by the owner that the land shall be liable for the labor or materials. St. Catherine's Church Corporation v. Technical Planning Associates, 9 Conn. App. 682, 684; Newtown Associates v. Northeast Structures Inc., 15 Conn. App. 638, 639-640.
Extensive discussion of the evidence is unnecessary. There was no contact between the parties, and no actions by the owners that can be considered consent within the terms of the statute. The lienor must show probable cause for the lien under section 49-35b
of the General Statutes. Id., 636. This burden of proof has not been met.
The application to discharge the lien is granted.
ROBERT A. FULLER, JUDGE