[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 2794
The plaintiff, Harry P. Carpenter Sons, Inc., of Stamford, has brought an action against Guy Hanson and Amen Ness, defendants. Plaintiff alleges in its amended complaint of July 21, 1992 that it is a heating, ventilating and air conditioning subcontractor. The complaint further alleges that the plaintiff rendered services renovating a residence owned by the defendant Ness, and located at 69 Urban Street in Stamford, pursuant to a contract with defendant Hanson, as general contractor. The plaintiff also alleges that Hanson orally agreed to pay an extra $2,568.12 for additional material and services. The complaint does not refer to the filing of a mechanic's lien, but rather seeks money damages of approximately $7,000 as representing the "reasonable cost" of plaintiff's services and material.
The defendant Ness agreed in his answer that the plaintiff performed HVAC work on his house, but contended that the work was performed by plaintiff as a subcontractor pursuant to its contract with defendant Hanson as general contractor.
Hanson filed two special defenses which alleged that he is not liable to plaintiff because he was acting as a "disclosed agent for a known principal." The second special defense contended that the plaintiff could not enforce an oral agreement based on General Statutes 20-429 regarding the necessity of a written contract for home improvements.
The defendant Ness has moved (#111) for summary judgment, and he filed his affidavit in support of the motion which alleges: (1) that he and his wife had a written contract with H H General Contractors Inc. as general contractor, which had been signed by Guy Hanson, its president; (2) that the contract provided that the general contractor would render certain services and provide materials for the renovation of his home, and the general contractor would be CT Page 2795 responsible for the hiring, supervision and payment of all subcontractors, including the HVAC subcontract; (3) that he had no contract written or oral with the plaintiff; and (4) that he had paid the general contractor in full. Ness attached to his moving papers a copy of the contract indicating that the general contractor was responsible for hiring and paying subcontractors.
In opposing summary judgment the plaintiff Carpenter filed his affidavit which alleged: (1) that he performed services and furnished materials at Ness home at the request of Hanson as general contractor for Ness; (2) that Hanson "orally agreed" to pay him the reasonable cost of the HVAC work, which was approximately $7,000; and (3) that Hanson had told him that Ness had not paid Hanson the full amount owed.
Ness claims he is entitled to a summary judgment because a subcontractor cannot sue the owner for breach of contract because the subcontractor had no contract with him, but rather only with the general contractor.
Summary judgment may be granted pursuant to Practice Book 384 if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. The plaintiff claims that there are outstanding genuine issues of material fact as to whether the contract between Ness and Hanson included HVAC, and also whether Ness had in fact made payment in full to Hanson, the general contractor.
These two issues, however, are irrelevant because of the general principal that an owner is not liable for work or material furnished by a subcontractor when the owner is not a party to the contract between the subcontractor and his general contractor. Avery v. Smith, 96 Conn. 223, 226-27, 113 A. 313 (1921). In that case the subcontractor, Johnson, was not entitled to recover against Woman's Christian Association, as owner of certain premises, because his contract was with the general contractor, Truax. "There was no agreement in any contractual sense with the association as owner." CT Page 2796
This general principal is found in cases from other states, for example, Delta Electric, Inc. v. Ingram and Greene, Inc., 123 App.Div.2d 369, 506 N.Y.S.2d 594,595 (1986), which stated: "It has been held that a subcontractor may not assert a cause of action which is contractual in nature against parties with whom it is not in privity."
In Otto Contracting Co., Inc. v. S. Schinella 
Son, Inc., 179 Conn. 704, 708, 427 A.2d 856 (1980), the owner was held liable to a subcontractor, but only because he actually signed the contract between the subcontractor and the general contractor as a guarantor. "Under the circumstances, the defendant was bound by the unconditional, unqualified undertaking manifested by his signature at the bottom of the contract, regardless of his secret reservations about the extent of his commitment."
It should be noted that the complaint does not assert a mechanic's lien pursuant to General Statutes49-33, which was described in Computaro v. Stuart Hardwood Corporation, 180 Conn. 545, 550, 429 A.2d 796
(1980), as "legislation [which] creates a statutory lien in derogation of the common law" Thus, our lien statute provides a method for a subcontractor to collect against an owner even in the absence of any privity between the subcontractor and the owner.
The complaint alleges solely a breach of contract and does not claim unjust enrichment or quantum meruit. The first theory, unjust enrichment, was discussed in Garwood Sons Construction Co., Inc. v. Centos Associates, Limited Partnership, 8 Conn. App. 185, 188,511 A.2d 377 (1986).
A recovery under the theory of quantum meruit on the basis of an implied contract is referred to in Rossetti v. New Britain, 163 Conn. 283, 292,303 A.2d 714 (1972).
Since the complaint does not allege the filing of a mechanic's lien, unjust enrichment or quantum meruit, but relies solely on breach of contract, defendant Ness' motion for summary judgment is granted, as there CT Page 2797 is clearly no privity of contract between the plaintiff and the movant.
So Ordered.
Dated at Stamford, Connecticut this 23rd day of March, 1993.
William B. Lewis, Judge