[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 13, 1996 CT Page 5382
This matter comes to this court on an application to discharge a mechanic's lien.
The sole issue before the court is whether or not there is probable cause to sustain the validity of the mechanic's lien.
The court finds the facts which follow. The parties were engaged to be married on or about October 11, 1994. The plaintiff purchased real property on August 26, 1994 from the Federal Home Loan Mortgage Corporation. The property was overgrown and the buildings and improvements in sad repair. The plaintiff, a licensed electrical contractor, undertook to make repairs and to improve the property with the help of the defendant and other friends and relatives. The plaintiff told the defendant that she should pay for the wedding expenses and she would transfer a one-half interest in the property to her at the time of the marriage.
The defendant worked many Sundays as well as other days painting, cleaning, caulking, mowing the lawn, clearing brush and performing other tasks. Contractors were hired to perform general carpentry, plumbing, painting, and the installing of heating and cooling systems.
The defendant incurred expenses for the wedding although she did not provide evidence as to the amount of the expenses. The plaintiff subsequently refused to marry the defendant before the work on the property was completed and the property ready for habitation. The defendant filed a mechanic's lien for $10,000 on January 31, 1996 claiming that she had furnished materials and rendered services on the property from September 1, 1994 through January 31, 1996.
General Statutes Sec., 49-33 provides in pertinent part that "[I]f any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances or in the improvement of any lot . . . and the claim is by virtue of an agreement with or by consent of the owner of the land upon which the building is being erected or has been erected or has been moved, or by consent of the owner of the lot being improved . . . the building, with the land on which it stands . . . is subject to the payment of the claim." CT Page 5383
The defendant seeks to elevate the plaintiff's concurrence in her working on the property to "consent" that she had a claim against the property for rendering services. There is no written contract evidencing the agreement of the parties. There is no evidence that there was an implied-in-fact agreement on the part of the owner to pay her for her services and any materials. The underlying contract was one of marriage and the transfer of a one-half interest in the property to her upon that marriage. It is not the type of contract within the scope of the mechanic's lien statutory scheme. In Hall v. Peacock Fixture Electric Co.,193 Conn. 290, 295, 475 A.2d 1100 (1984), the court said that "a landowner does not subject his property to a mechanic's lien by simply allowing work to be done on it." The owner's knowledge that the work is being done does not subject the property to a mechanic's lien. Newtown Associates v. Northeast Structures,Inc., 15 Conn. App. 633, 639-40, 546 A.2d 310 (1988). "The consent meant by the statute must be a consent that indicates an agreement that the owner of at least the land shall be, or may be, liable for the material or labor." Avery v. Smith, 96 Conn. 223,228, 113 A. 313 (1921).
Accordingly, the court finds that although the defendant provided services for the improvement of the building and land, the purpose for which she performed those services was incidental to the basic contract by which she was to marry and acquire an interest in the property. Therefore, if she asserts that the plaintiff was unjustly enriched by her labors an action in quantum meruit may lie together with other equitable relief but she has failed to meet the threshold requirements for the invocation of the mechanic's lien statutory protections. Therefore, the application for discharge of mechanic's lien is granted.
LEHENY, J.