[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION TO DISCHARGE MECHANIC'S LIEN (#101)
I. FACTS:
In this action, dated May 1, 2000, the plaintiff, Coughlin Realty, LLC (Coughlin), seeks to discharge mechanic's liens placed on property located at 9 Young Street, East Hampton, Connecticut (property) owned by it by the defendants, Blastech, Inc. (Blastech) and Fay Wright Excavating, Inc. (Fay Wright). This court held an evidentiary hearing CT Page 3140 on the applications to discharge the liens on January 22 and 23, 2001.[1]
At the conclusion of the hearing, this court ordered the filing of post-hearing briefs, which were timely filed.
From the testimonial and documentary evidence introduced at the hearing and the logical and reasonable inferences drawn therefrom the following facts are found. On February 17, 1999, the plaintiff entered into a lease purchase agreement (agreement) with Peter Novicelli, who intended to eventually purchase the land in order to operate a quarry. The agreement provided that Novicelli would lease the land with an option to buy it within ten years for $700,000. Payment could be made in one lump sum payment or from revenues collected from operating a quarry on the land. The terms of the agreement also provided that "[w]ithin one hundred eighty (180) days of [Novicelli] taking possession of the premises, [Novicelli] shall cause to be stockpiled on the premises inventory equal to thirty thousand (30,000) tons of 3/4" processed gravel. In the event that this agreement is terminated as a result of a breach on the part of [Novicelli, he] shall forfeit any and all claims to said processed gravel." (Plaintiff's Exhibit 2.)
On February 17, 1999, the plaintiff and Novicelli also executed a bond for deed. The bond for deed, which incorporates the lease-purchase agreement, sets out the price and date of the possible sale of the property to Novicelli along with other terms of a future sale of the property.
After taking possession of the property, Novicelli operated a quarry thereon. Pursuant to the operation of the quarry, Novicelli, through his company, Novicelli Contractors, LLC, hired the defendants. Blastech performed work upon the quarry between March 16, 1999 and May 11, 1999 and Fay Wright performed work on the quarry between April 12, 1999 and May 7, 1999. The defendants' work included blasting and excavation of the property. At the hearing, this court found that the work done by the defendants was lienable under General Statutes § 49-33.
Novicelli failed to pay the defendants for their work. On July 22, 1999, Blastech filed a mechanic's lien on the property, claiming that it is due and owed $92,937.60. On July 28, 1999, Fay Wright also filed a mechanic's lien on the property, which claiming it is due and owed $190,471.70. Subsequently to the filing of the liens, Novicelli was evicted from the premises.[2]
Fay Wright filed its objection to the application to discharge its mechanic's lien on December 14, 2000. Blastech filed its objection to the application on January 21, 2001. CT Page 3141
II. STANDARD OF REVIEW:
General Statutes § 49-35b controls the procedure in this matter. Section 49-35b (a) states, in pertinent part: "Upon the hearing held on the application [to discharge a mechanic's lien], the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien. Any person entitled to notice under section 49-35a
may appear, be heard and prove by clear and convincing evidence that the validity of the lien should not be sustained for the amount of the lien claimed." General Statutes § 49-35a provides that notice shall be given to all lienors of the property.
III. DISCUSSION:
A. Judicial Estoppel
The defendants first argue that the plaintiff should be estopped from contesting the validity of the mechanic's liens. In a prior proceeding, John Coughlin, the co-manager of Coughlin Realty, swore in an affidavit that "[i]n light of [Peter Novicelli's] dire financial situation, Coughlin Realty, LLC will ultimately be left with the responsibility of paying Peter Novicelli's debts or risk losing the property through foreclosure." The defendants contend that the plaintiff has admitted the validity of the mechanic's liens and is, therefore, is barred from contesting their validity by the application of judicial estoppel.
This court notes that Connecticut does not necessarily recognize the doctrine of judicial estoppel. SKW Real Estate Ltd. v. Mitsubishi MotorSales of America, Inc., 56 Conn. App. 1, 8, 741 A.2d 4 (1999) ("We do not have to determine whether Connecticut recognizes the doctrine of judicial estoppel.") Even if Connecticut recognizes the doctrine of judicial estoppel, it would be unavailing to the defendants.
In order for the defendants to take advantage of judicial estoppel, "[f]irst, the party against whom the estoppel is asserted must have argued an inconsistent position in a prior proceeding; and second, the prior inconsistent position must have been adopted by the court in some manner." Id., 8 n. 6. The plaintiff's statement does not satisfy either prong of the test.
Coughlin's statement is not inconsistent with its position in the proceeding before this court. The statement merely acknowledges the reality of the mechanic's liens. If the defendants prove that their mechanic's liens are valid and then are later successful in foreclosing on those liens, the plaintiff's property will be liable for Novicelli's debts and the plaintiff will risk losing its property. CT Page 3142
Moreover, even if the position was inconsistent, judicial estoppel requires that the court in the prior proceeding adopt the inconsistent position. Coughlin swore out the affidavit in question to support its application for an ex-parte temporary injunction. In a written decision, the temporary injunction was denied. Coughlin Realty, LLC v. Novicelli, Superior Court, judicial district of Middlesex at Middletown, Docket No. 090975 (January 10, 2000, Shapiro, J.) Although the two mechanic's liens were entered into evidence, the court, Shapiro, J., gave no indication that it adopted Coughlin's statement. Accordingly, because Coughlin's statement was neither inconsistent nor did the prior court adopt the statement, this court finds that the plaintiff is not estopped from contesting the validity of the mechanic's liens.
B. Validity of the Mechanic's Liens
In order to sustain a mechanic's lien under § 49-33 (a)[3], the defendants have to show, by probable cause, that an owner or equitable owner of the property: (1) had an express agreement with the defendants to perform the work, (2) authorized its agent to make an express agreement with the defendants to perform the work or (3) gave its consent to the work being performed. At the hearing both of the defendants agreed and this court finds that they did not have an express contract with the plaintiff or with any agent of the plaintiff. The defendants contend, however, that because Novicelli had an equitable interest in the property, the doctrine of equitable conversion would sustain the mechanic's liens based upon Novicelli's express agreements with the defendants.
"Certain equitable interests arising out of a contract for sale of land may . . . support a mechanic's lien on after-acquired property." NewEngland Savings Bank v. Meadow Lakes Realty Co., 243 Conn. 601, 619,706 A.2d 465 (1998). The agreement and bond for deed between Novicelli and the plaintiff provided that Novicelli had the option to purchase the property in question. Such an option does create an executory interest in property. Stodolink v. Arney, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 277913 (April 5, 1991, Katz, J.) The executory interest is not sufficient to sustain the validity of the mechanic's lien in this case.
"The theory of equitable conversion, if it is to be applied at all, does so only where the interest sought to be attached is an equitable ownership interest that will ripen into a legal ownership interest that is subject to a lien under Connecticut's mechanic's lien statute. . . . A leasehold interest, although lienable and executory, has not been successfully relied upon to sustain a mechanic's lien under the doctrine CT Page 3143 of equitable conversion." Stodolink v. Arney, Inc., supra, Superior Court, Docket No. 277913. The Connecticut Supreme Court has allowed equitable conversion only in cases of after acquired property. NewEngland Savings Bank v. Meadow Lakes Realty Co., supra, 243 Conn. 619.
In this case Novicelli did not acquire the property because he defaulted under the agreement and, therefore, his executory interest did not ripen into a legal ownership interest. Accordingly, the doctrine of equitable conversion may not be used to sustain the mechanic's liens on the property.
An additional argument advanced by the defendants is that the plaintiff as legal owner of the property gave its consent to the work done on the property. "The mere granting of permission for work to be conducted on one's property has never been deemed sufficient to support a mechanic's lien against the property. . . . [The Connecticut Supreme Court has] also recognized long ago that a landowner does not subject his property to a mechanic's lien by simply allowing work to be done on it." (Internal quotation marks omitted.) Id., 618.
"The consent meant by the statute must be a consent that indicated an agreement that the owner of at least the land shall be, or may be, liable for the materials or labor. Avery v. Smith, 96 Conn. 223, 228, 113 A. 313
(1921). Although an express contract is not necessary for such a consent, the services must be furnished under circumstances indicating an implied contract by the owner to pay for them. Id." (Internal quotation marks omitted.) Centerbrook, Architects v. Laurel Nursing Services,Inc., supra, 224 Conn. 591. "The consent referred to in the statute means consent of an owner for whom, or for whose benefit, the work is being done, and not one who has no interest in, or is not a party to, the work undertaken by the lessee. . . . It refers to an owner who is so closelyidentified with the work being done that he could be held liable under animplied contract in the absence of an express contract." (Emphasis added.) Battistelli v. Jacobson, 13 Conn. Sup. 196, 198-99 (1944).
The defendants admit that they had no implied or express contract with the plaintiff. Additionally, the evidence produced at the hearing does not support the position that the plaintiff was so closely identified with the work being done that it could be held liable.
In Connecticut Light Power v. Dicesare-Bentley Engineers, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 110258 (January 18, 1991, Ryan, J.) it was held that because the agreement "does allow the [lessee] to make alterations and improvements, but only at its `sole cost and expenses'" there was no consent. Similarly, the agreement in this case provides that Novicelli "shall be CT Page 3144 responsible for all costs of operating the property during the period of possession. (Plaintiff's Exhibit 2.)
Additionally, neither defendant considered that the plaintiff was financially responsible for the work. Andrew Nagy, the president of Blastech, testified that he was under the impression that Novicelli had already purchased the property and that he did not know of any relationship between Novicelli and the plaintiff. Edward Wright, vice president of Fay Wright, testified. that he had no understanding at the time the work was done that the plaintiff would have a financial obligation to pay for that work.
It is unavailing to the defendants that the plaintiff introduced Novicelli to Fay Wright or that the plaintiff gave Novicelli a favorable impression as to Fay Wright's abilities. Such comments were not a command, as Novicelli testified. Even if the plaintiff had "urged and persuaded" Novicelli to hire Fay Wright for the excavation work, that sole fact would not demonstrate the plaintiff's consent. Hall v.Peacock Fixture Electric Co., 193 Conn. 290, 295, 475 A.2d 1100 (1984) (favorably discussing the facts and holding of Battistelli v. Jacobson,13 Conn. Sup. 196 (1944)). The court, in Hall, found that because "[t]he landowners [in Battistelli] did not in any way guarantee payment of . . . work or lead the [contractor] to believe that they or their property would be responsible for the claim," the mechanic's lien was not valid. Id., 295. This court determines that the evidence does not support the conclusion that the plaintiff gave its consent, as contemplated under § 49-33 (a), for the work performed upon the property.
IV. CONCLUSION
For the reasons herein stated, this court concludes that the defendants, proceeding under § 49-35b, have failed to establish by probable cause that: (1) judicial estoppel bars the plaintiff's from challenging the validity of the mechanic's lines, (2) that the doctrine of equitable conversion is applicable to the facts of this case and (3) the plaintiff gave consent sufficient to sustain the mechanic's liens.[4]
Accordingly, it is further concluded that the application to discharge the mechanic's lien ought to be and is hereby granted in both cases.
It is so ordered.
By the court
ARENA, J. CT Page 3145