RICHARD W. HALL *v.* PEACOCK FIXTURE AND
ELECTRIC COMPANY, INC.
(11511)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued April 6—decision released May 29, 1984

*William W. Sullivan,* with whom was *Richard J. Kilcullen,* for the appellant (defendant).

*David J. Demars,* for the appellee (plaintiff).

GRILLO, J. The plaintiff Richard W. Hall brought the present action to discharge the defendant Peacock Fixture and Electric Company, Inc., mechanic's lien on property owned by the plaintiff and leased to a third party. On appeal from the judgment discharging the mechanic's lien, the defendant claims that the plaintiff's actions constituted "consent" by the owner within the meaning of General Statutes § 49-33 (a).[1] We disagree.

---

[1] "[General Statutes] Sec. 49-33. MECHANIC'S LIEN. PRECEDENCE. RIGHTS OF SUBCONTRACTORS. (a) If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances or in the improvement of any lot or in the site development or subdivision of any plot of land, and the claim is by virtue of an agreement with or by consent of the owner of the land upon which the building is being erected or

The following uncontroverted facts form the basis of this appeal: On July 10, 1980, the plaintiff entered into a long-term lease with Mrs. Margaret Ferretti involving a building owned by him and located in Danbury. This property adjoined other property owned by the plaintiff on which he conducted a business known as Hall's Cycle Ranch. Mrs. Ferretti and her son took possession of the premises and in the spring of 1981 hired National Construction Managers, Inc. as a general contractor to oversee the renovation of the building to a Japanese steakhouse. The general contractor subsequently hired the defendant to do the necessary electrical work on the premises.

The work commenced in the spring of 1981. When the plaintiff became aware of the renovations which were unauthorized under the lease, he instructed his attorney to inform the lessee to halt the work. The plaintiff took no legal action until two months later when, in August, 1981, he commenced a summary process action against the lessee for failure to pay rent.

When the summary process action was later settled, the plaintiff executed a lease addendum giving permission to the lessee to continue with the alterations already in progress. The defendant ceased performing services and supplying materials on December 22, 1981. In January, 1982, after failing to receive payment from the general contractor, the defendant served upon the plaintiff a notice of intent to claim a mechanic's lien and, thereafter, filed the lien on the Danbury land records.

has been erected or has been moved, or by consent of the owner of the lot being improved or by consent of the owner of the plot of land being improved or subdivided, or of some person having authority from or rightfully acting for the owner in procuring the labor or materials, the building, with the land on which it stands or the lot or in the event that the materials were furnished or services were rendered in the site development or subdivision of any plot of land, then the plot of land, is subject to the payment of the claim."

On March 9, 1982, the plaintiff filed an application to discharge the lien. By memorandum of decision dated June 28, 1982, the court, *Ford, J.,* ordered the lien discharged since the defendant did not prove the owner's consent and thus "failed to establish probable cause for the lien's validity." We find no error.

We recently delineated in *Seaman* v. *Climate Control Corporation,* 181 Conn. 592, 595, 436 A.2d 271 (1980), the two classes of people entitled to claim a lien upon land that they have improved: "Those who provide services or materials in connection with the construction of a building are entitled to claim a lien on the land that they have improved if they fall into one of two categories. Lienors are protected if they have a claim either (1) by virtue of an agreement with or the consent of the owner of the land, or (2) by the consent of some person having authority from or rightfully acting for such owner in procuring labor or materials."

An examination of the transcript in this case reveals that the defendant did not have an agreement with or the consent of the plaintiff or the consent of anyone acting on his behalf. No employee or representative of the defendant had ever met or had any contact with the plaintiff concerning the work at issue. The president of the defendant corporation, David Basher, admitted that he had never met the plaintiff and that the plaintiff had never expressly or impliedly consented or agreed to pay for any of the work that the defendant did on the premises. Nor did the plaintiff ever consent or agree to guarantee payment of the work. Since the statute does not contemplate consent among strangers, the court did not err in its conclusion that the defendant was not entitled to a mechanic's lien under the first classification set forth in the *Seaman* case.

It is equally well established by the evidence produced at the hearing that the defendant was not entitled to a mechanic's lien under the second classification outlined in *Seaman*. The evidence fails to support the conclusion that the lessee was acting as an agent for the plaintiff. In *Beckenstein* v. *Potter & Carrier, Inc.*, 191 Conn. 120, 464 A.2d 6 (1983), we recently summarized the three elements required to show the existence of an agency relationship: "(1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." Id., 133, quoting *Botticello* v. *Stefanovicz*, 177 Conn. 22, 25, 411 A.2d 16 (1979).

Traditionally, a lessee is not considered the agent of a lessor within the contemplation of a mechanic's lien statute merely by virtue of the relation of landlord and tenant. See annot., 163 A.L.R. 992. The only evidence offered at the hearing by the defendant to prove agency was the existence of a provision in the lease that provided for a rent computation based on a percentage of the gross receipts of the lessee's business after five years from the date of execution of the lease. That provision of the lease, which was explained by the plaintiff as a substitute for the Consumer Price Index in computing the rent, fails to show any intention of the plaintiff to give to the lessee any control over the lessor's activities or the intention of the lessee to accept any such control. Accordingly, the defendant failed to sustain its burden of proof that the lessee was the plaintiff's agent for any purpose.

Equally lacking in merit is the defendant's claim that the failure of the plaintiff immediately to take legal action coupled with the execution of the lease addendum compels the conclusion that the plaintiff ratified the contract between the defendant and the lessee. The defendant argues that "[a]t the very least, the lease

addendum . . . clearly documents the plaintiff's consent to these alterations and improvements.''

The mere granting of permission for work to be conducted on one's property has never been deemed sufficient to support a mechanic's lien against the property. In *Battistelli* v. *Jacobson,* 13 Conn. Sup. 196 (1944), the plaintiff sought to foreclose a mechanic's lien on property owned by the defendants for services rendered and materials furnished to a lessee of the defendants pursuant to a written contract between the plaintiff and the lessee. The defendant-landowners were not parties to the contract, but did expressly consent to have the work done. Moreover, the plaintiff had in the past done plumbing work for the defendants who, knowing that their lessees contemplated remodeling of the premises, had urged and persuaded the plaintiff to contract with the lessee for the plumbing work. The landowners, however, did not in any way guarantee payment of said work or lead the plaintiff to believe that they or their property would be responsible for the claim. Thus, even though the landowners had consented to the improvements and had brought the contracting parties together, the court held that the contractor was not entitled to a mechanic's lien against the defendant landowners. Id., 199.

We have also recognized long ago that a landowner does not subject his property to a mechanic's lien by simply allowing work to be done on it. In *Lyon* v. *Champion,* 62 Conn. 75, 25 A.392 (1892), a contractor attempted to foreclose premises owned by the wife, which were subject to her husband's life estate, for work done by the contractor at the request of the husband. The contractor in the *Lyon* case argued, as does the defendant in the present case, that the requisite element of consent existed because the wife gave her permission for the work to proceed. The court ruled

against the contractor even though it was expressly recognized that the wife had given her permission for the work to proceed. Id., 77.

In the present case, the plaintiff did give permission in the lease addendum for the completion of the renovation work in his building. At the time the addendum was executed, the "building was so far torn apart . . . that it was completely useless, so the best I could do was let them finish off the work they had started." This permission was not given prior to the inception of work as it was in the *Battistelli* and *Lyon* cases. Indeed, it was given after the plaintiff's building was torn apart and in the middle of the renovation project. Rather than ratifying a contract previously made between two other parties, the plaintiff's permission indicates an attempt on his part to maintain the value of his building. Connecticut case law clearly indicates that his permission did not rise to the level of "consent" contemplated by § 49-33.

Little need be said relative to the defendant's final claim that the doctrine of unjust enrichment mandates a finding of error. In the recent case of *Seaman* v. *Climate Control Corporation,* 181 Conn. 592, 436 A.2d 271 (1980), we specifically rejected the argument that a mechanic's lien may be founded on the basis that the owner is unjustly enriched by the improvement of its property. "Some statutes in other states justify mechanic's liens on the owner's property on the basis that the owner is otherwise unjustly enriched by the improvement of his property. . . . *That is not our law. In this state, a subcontractor's right to a mechanic's lien is said to flow from his equitable entitlement to the lien which would otherwise attach in favor of the general contractor.*" (Emphasis added.) Id., 601.

There is no evidence in the record and no finding by the trial court to support the various arguments of the

defendant that the plaintiff "consented" to the reno-
vation within the meaning of § 49-33. Accordingly, the
trial court properly discharged the mechanic's lien.

There is no error.

In this opinion the other judges concurred.