[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR DISCHARGE OF MECHANICS LIEN
The plaintiff, landowner, has applied to the Court for the discharge of a mechanics lien filed by a subcontractor. The plaintiff had leased the subject premises a single-family residence, to tenants named Ledoux under a written lease for a term of two years commencing August 1, 1989. Said lease contained a clause granting Ledoux an option to purchase during the term. In addition, one clause provided that, "[I]n lieu of a security deposit, Tenants agree to make improvements to the premises by way of installation of tile and appliances and other similar improvements, all of which shall be subject to Landlord's approval." The tenants contracted with the defendant to install ceramic tile, wallpaper and carpeting, without the knowledge or approval of the plaintiff landlord. The total bill for the material and services was $5,022.97. Sometime after the defendant furnished the materials and goods, Ledoux moved from the premises without paying defendant's bill. The defendant filed a mechanics lien on the subject premises. Notice of the mechanics lien was the first the landlord learned about defendant's claim.
A mechanics lien is a statutory creature and the Court must be governed by the plain language of C.G.S. Sec. 49-33. The statute clearly states that the subcontractor's claim must exist "by virtue of an agreement with or by consent of the owner of the land. . .or of some person having authority from or rightfully acting for the owner. . ."
The case of Hall v. Peacock Fixture Electric Co,193 Conn. 290 (1984) is dispositive of the issue before this Court. The issue must be resolved in favor of the landowner.
Accordingly, the plaintiff's application for discharge of the mechanic's lien is granted. CT Page 1790
Scheinblum, J.