[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action arises out of a lawsuit instituted by the plaintiff in which he claims to have sustained personal injuries as a result of being struck, while a pedestrian, by a vehicle operated CT Page 2109 by the defendant Contento. The Third, Fourth, Fifth and Sixth Counts of the complaint allege that the defendant Contento "was the agent, servant and/or employee of "the defendant Eleanor Casale and Ann Taylor ("the defendants") and that Contento "was acting within the scope of his agency and/or employment". The defendants have now moved for a Summary Judgment asserting that there is no genuine issue of material fact as to the agency status of the defendant Contento and that there is no basis for the imposition of vicarious liability.
The file indicates that, at various times, the plaintiff has moved for an extension of time within which to respond to the Summary Judgment Motion. However, at the time of the argument of the Motion for Summary Judgment no additional time was requested and accordingly the Court will proceed to decide the issue.
In support of the Motion for Summary Judgment the defendants have filed affidavits signed by Eleanor Casale and by the defendant Contento. The affidavit by Eleanor Casale states that she was employed as the store manager by Ann Taylor, a dress store in the Stamford Town Center which had, as a sub tenant, a shoe store known as Joan and David. The manager of the shoe store indicated that they wanted to have some shelving built. The defendant Casale suggested that they hire the defendant Contento, who was her boyfriend and a self-employed carpenter. The day that the plaintiff claims to have received the injuries of which he complains, the defendant Contento installed the shelves for the store manager at the shoe store and he did this work strictly on his own. The affidavit further states that neither Casale nor Ann Taylor received any payment of any kind nor did they direct or control the work that was done by the defendant Contento in any way. On the completion of the work on the day of the accident the defendant Contento and the defendant Casale left the store at the same time in different vehicles.
The affidavit filed by the defendant Contento states that he installed shelving for the Joan and David Shoe Store in the Stamford Mall. Upon the completion of his work, he was on his way to his home driving a vehicle owned by him, when he was involved in the accident giving rise to the present lawsuit. Defendant Contento specifically states that he was never in the employ of either Ann Taylor or Casale who was his girlfriend. The defendant specifically states that he was not acting within the scope of any agency or employment of either of them at the time of the accident.
The affidavit filed on behalf of the plaintiff, dated October 11, 1991, states that he was struck by a vehicle operated by the defendant Contento and that shortly after the accident, the defendant Contento and his girlfriend, Eleanor Casale, reported to the Stamford Police that "they just come from the Ann Taylor store CT Page 2110 at the Stamford Town Center where they were working".
The test for the determination of a Motion for Summary Judgment is whether the party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority 213. Conn. 354, 364 (1990). Once the moving party has presented evidence in support of a motion for summary judgment, the opposing party must present evidence that demonstrates the existence of factual issues and mere assertions of fact are insufficient State v. Goggin 208 Conn. 606, 616, (1988).
The elements required to show the existence of an agency relationship are: "(1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." Hall v. Peacock Fixture and Electric Co., 193 Conn. 290, 294 (1984). The existence of such an agency relationship is generally a question of fact. Beckenstein v. Putter and Carrier. Inc. 191 Conn. 120, 133 (1983). However, based upon the documents presently before the Court, the facts necessary to establish the existence of an agency relationship simply do not exist. There is simply an insufficient factual basis to concluded that Contento, at the time of the accident was the agent, servant and/or employee of the moving defendants or that he was acting within the scope of any such agency or employment.
Accordingly, the Motion for Summary Judgment is granted.
RUSH, J.