[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR MECHANIC'S LIEN
Marjorie Basser, Harold Basser, Trustee, Myron L. Kaufman, and Joan Kaufman, Trustee (the "applicants") are the owners of the Service Merchandise Shopping Center (the "Shopping Center") located at Sodom Lane and Route 34 in Derby, Connecticut. On or about May 1, 1994, the applicants entered into a written ten year lease with 600 Enterprises, Inc. ("600 Enterprises") whereby 600 Enterprises agreed to lease approximately 2,500 square feet of store space in the Shopping Center.
On or about August 29, 1994, 600 Enterprises entered into a construction contract with general contractor, Michael D. DeLaurentis `("DeLaurentis") for certain work to be performed on 600 Enterprises' leased space. This construction contract was signed on behalf of 600 Enterprises by its President, Rogers Conant. The contract was never signed by the applicants.
According to the mechanic's lien by B G Piping Company, Inc. ("B G Piping"), DeLaurentis retained B G Piping as a subcontractor on the 600 Enterprises construction contract. When B G Piping did not receive payment for its services, it filed the subject mechanic's lien on the applicant's property.
The applicants have applied, pursuant to Connecticut General Statute § 49-35a, to discharge B G Piping's mechanic's lien.
A mechanic's lien must be supported by probable cause and the burden of proving such probable cause is on the lienor. Conn. Gen. Stat. § 49-35b. Stodolink v. Arney, Inc.,3 Conn. L. Rptr. 422, 1991, WL 59775 (Conn.Super. 1991). Mechanic's liens are creatures of statute. St. Catherine's Church Corp. v. TechnicalPlanning Associates, Inc., 9 Conn. App. 682, 683
(1987). Only lienors who meet the statutory requirements of § 49-33
of the Connecticut General Statutes are entitled to the benefits of such a lien. Specifically, § 49-33 requires that the lienor's claim be "by virtue of an agreement with or by consent of the owner . . . or of some person having authority from or rightfully acting for the owner . . . ." Thus, consent is an essential prerequisite to the right to lien.
The Connecticut Supreme Court has interpreted § 49-33 as requiring that the lienor fall into one of two classes. "Lienors are protected if they have a claim either (1) by virtue of an agreement with or the consent of the owner of the land, or (2) by the consent of some person having authority from or rightfully acting for such owner in procuring labor or materials." Seaman v.Climate Control Corporation, 181 Conn. 592, 595 (1980). The applicants argue that B G Piping's lien must be discharged because neither the applicants nor anyone authorized to act for them consented to the work performed by B G Piping within the meaning of the mechanic's lien statute.
The court finds, contrary to the assertion of the applicants, CT Page 7444 that the necessary consent was in fact present. It is apparent from a careful review of the lease by and between the applicant and 600 Enterprises ("respondents 2") that certain initial fit-up work to the premises, subject of the lease, was not only authorized by the applicants but consented to as well, distinguishing the subject litigation from Hall v. Peacock Fixture and Electric Company, Inc.,193 Conn. 290 (1984). Section 16 of the lease clearly establishes the necessary consent by what the court would characterize as inverse acquiescence. Said section provides in part:
 Subject to the provisions of Section "11" and paragraph "B" of this Section "16", Tenant shall not make any alterations, improvements, and/or additions to the Premises or any part thereof without Landlord's prior consent, except as is provided for in subjection "D" hereafter. Section 16C.
The relevant portion of Section "11" as described, also clearly anticipates and provides for the necessary fit-up by setting forth in part:
 Tenant accepts possession of the Premises in its "as is" condition except as specified in Exhibit "D" hereof. (Emphasis added). Section 11A.
 Exhibit "D" subsection (a) simply provides that:
 Tenant shall do all work necessary to place the Premises in the condition necessary for Tenant's use.
As is the case with most well drawn landlord leases, any improvements, alterations and the like become the property of the landlord upon termination. Consistent therewith, the instant lease provides that, except for certain furniture, fixtures and equipment, all other improvements become the property of the Landlord. Section 25. Surrender of Premises (A). The improvements initially envisioned by the parties, including but without limitation the work of the respondent, in this case, would therefore become the property of the Landlord.
The court finds that the tenant under the lease, acting in accordance therewith, entered into a contract with the general contractor ("respondents 3") which ultimately led to the work of the subcontractor ("respondents 1"). CT Page 7445
To anticipate and acquiesce to fit-up that necessitates the work of a general and relevant subcontractors and thereafter argue lack of authorization and/or consent is in this court's opinion unconscionable and inequitable.
Any attempt on the part of the applicant to insulate or exculpate from liability by setting aside the statutory framework as set forth in Section 17 of the lease is void and of no force and effect.
The application for discharge of the mechanic's lien is denied.
The Court
By Comerford, J.