[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
This action commenced by way of summons and complaint filed on March 24, 1995 by the plaintiff, RJB Contractors (RJB). RJB brought this action against the defendants, Hi-G CT Page 8456 Company Inc. (Hi-G) and Dalene Hardwood Flooring Company, Inc. (Dalene)[1] to foreclose a mechanic's lien for materials furnished and services rendered under a written agreement with Hi-G. RJB is seeking to foreclose on a property located at 85 Nutmeg Road, and owned by Hi-G, and RJB seeks to foreclose on property located at 45 Nutmeg Road, which is owned by Dalene. RJB's mechanic's lien is in the amount of $648,902.95.
On April 21, 1995, Dalene filed a disclosure of defense pursuant to Practice Book § 236, asserting that RJB's mechanic's lien is invalid because Dalene never consented to a mechanic's lien as is required by, General Statutes § 49-35a, the mechanic's lien statute. On April 26, 1995, Dalene answered RJB's complaint, denying that RJB filed a valid mechanic's lien against its property, and further denying having any liability or interest subsequent to the interest on which RJB is attempting to foreclose.
On April 27, 1995, Dalene filed a motion to discharge the mechanic's liens filed by the plaintiff and the appearing defendants. Dalene filed a memorandum of law in support of its motion. Additionally, Dalene filed an offer of proof on June 2, 1995, claiming that the burden lies on the lienor to establish the validity of a lien and that they did not expect to call any witnesses except to rebut testimony that may be presented by the lienors.
RJB filed an offer of proof on June 5, 1995, arguing that the mechanic's lien statute should be liberally construed in order to implement its remedial purpose of supplying a security interest for providers of materials and services.[2] Additionally, RJB contends that Dalene played an active role in approving the layout and design of the proposed building, they knew they would benefit from the improvements, and that they should be subject to the mechanic's liens.[3] On July 5, 1995, RJB and Dalene entered into a stipulation of facts, which is intended to be the factual foundation for the court's decision. Said stipulation was entered on July 6, 1995, the date of the hearing on the Motion to Discharge the mechanic's lien.
 II.
Mechanic's liens are authorized by General Statutes § 49-33 which provides in relevant part: CT Page 8457
 (a) If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building . . . and the claim is by virtue of an agreement with or by consent of the owner of the land upon which the building is being erected . . . or of some person having authority from or rightfully acting for the owner in procuring the labor or materials, the building, with the land on which it stands or the lot or in the event that the materials were furnished or services were rendered in the site development or subdivision of any plot of land, then the plot of land, is subject to the payment of the claim.
(Emphasis added). Parties that believe a mechanic's lien has been improperly placed on their property may move to discharge that claim pursuant to General Statutes § 49-35a, which provides that:
 (a) Whenever one or more mechanics' liens are placed upon any real estate . . . the owner of the real estate, if no action to foreclose the lien is then pending before any court, may make application, . . . to the superior court for the judicial district in which the lien may be foreclosed under the provisions of section 51-345, . . . that a hearing or hearings be held to determine whether the lien or liens should be discharged or reduced.
 (c) If an action for foreclosure of the lien is pending before any court, any party to that action may at any time prior to trial, unless an application under subsection (a) of this section has previously been ruled upon, move that the lien be discharged or reduced. CT Page 8458
A mechanic's lien is a creature of statute. St.Catherine's Church v. Technical, 9 Conn. App. 682, 683,520 A.2d 1298 (1987). General Statutes § 49-35b[4] sets forth the requirements of the parties at the hearing for the motion to discharge the mechanic's lien. The purpose of the statute is to provide a remedy in the form of security for a contractor's labor and materials. Camputaro v. Stuart Hardwood Corporation,180 Conn. 545, 550, 429 A.2d 796 (1980).
General Statutes § 49-35b provides that before a lien can be upheld the lienor must establish probable cause to sustain the validity of the lien. Newtown Assoc. v. NortheastStructures, Inc., 15 Conn. App. 633, 636, 546 A.2d 310 (1988). "Proof of probable cause as a condition of obtaining a prejudgment remedy is not as demanding as proof by a fair preponderance of the evidence." Ledgebrook Condominium Assn., Inc. v.Lusk Corporation, 172 Conn. 577, 584, 376 A.2d 60 (1977). "In order to demonstrate probable cause to support a lien upon land that he has improved, a person must first show that he is one of those persons entitled to claim a lien." Newtown Assoc. v.Northeast Structures, Inc., supra, 15 Conn. App. 636.
There are two types of people entitled to claim a lien: "Those who provide services or materials in connection with the construction of a building are entitled to claim a lien on the land that they have improved if they fall into one of two categories. Lienors are protected if they have a claim either (1) by virtue of an agreement with or the consent of the owner of the land, or (2) by the consent of some person having authority from or rightfully acting for such owner in procuring labor or materials." Hall v. Peacock Fixture Electric Co.,193 Conn. 290, 293, 475 A.2d 1100 (1984) quoting Seaman v. ClimateControl Corporation, 181 Conn. 592, 595, 436 A.2d 271
(1980).
The resolution of this motion, therefore, depends on whether Dalene or its agent consented to having a lien placed on its property. Because the plaintiff does not allege that Hi-G is an agent of the defendants, the only issue remaining is whether Dalene consented to having a lien placed on its property.[5]
The mere granting of permission for work to be conducted on one's property has never been deemed sufficient to support a mechanic's lien against the property. Hall v. PeacockFixture Electric Co., 193 Conn. 290, 295, 475 A.2d 1100
CT Page 8459 (1984). Additionally, allowing work to be done on a person's land is not sufficient to support the imposition of a mechanic's lien on the property. Id. "The consent meant by the statute must be a consent that indicates an agreement that the owner of at least the land shall be, or may be, liable for the materials or labor." Centerbrook, Architects v. Laurel NursingServ., 224 Conn. 580, 591, 620 A.2d 127 (1993), quoting Avery v.Smith, 96 Conn. 223, 228, 113 A. 313 (1921). Although an express contract is not necessary for such a consent, the services must be furnished under circumstances indicating an implied contract by the owner to pay for them. Id.
The argument has been suggested that Dalene would be unjustly enriched by the improvements to its property were the liens to be discharged. However, the Supreme Court has rejected such a proposition: "Some statutes in other states justify mechanic's liens on the owner's property on the basis that the owner is otherwise unjustly enriched by the improvement of his property . . . That is not our law." Hall v. Peacock Fixture Electric Co., supra, 193 Conn. 296 quoting Seaman v.Climate Control Corporation, 181 Conn. 592, 601, 436 A.2d 271
(1980).
 III.
Dalene argues that the motion to discharge the liens on its property should be granted because it never consented to pay for the work done on its property. Dalene contends that it had no relationship with any of the entities or individuals that are now claiming liens. Dalene's only relationship was with Hi-G, and that relationship was as landlord-tenant. Accordingly, Dalene argues that the motion to discharge should be granted.
RJB argues that Dalene actively participated in overseeing the layout and design for the proposed building as well as obtaining zoning variances for the building. RJB further contends that this participation by Dalene formed an implied promise on Dalene's part to be responsible for the payment of the project. RJB also argues that in the lease between Hi-G and Dalene, Dalene contemplated situations where a mechanic's lien would be placed on the property if the contractors were not paid. Therefore, RJB argues that Dalene impliedly consented to be responsible for the payment of the project. Accordingly, RJB argues that it has established probable cause for CT Page 8460 the lease and, therefore, the motion to discharge should be denied.
In order to prevail, then, RJB must allege not that Dalene had approval authority over the project or was involved in the planning of the building, but that Dalene either impliedly or expressly consented to be liable for the materials or labor that went into the project. RJB's argues in its offer of proof that Dalene impliedly consented to the imposition of a mechanic's lien. To support its argument, RJB relies on the fact that Dalene played an active role in approving the layout and design for the building and that the company helped obtain the variances required for the building. Nothing in the stipulated facts suggests that Dalene consented or undertook liability for the project.
In this regard, it is noted that Paragraphs 14 and 15 of the stipulation state:
 14. By virtue of the Lease, Dalene authorized and mandated the improvements performed on the Leasehold Premises and undertook the approval of all plans and specifications for the building.
 15. Dalene consented to the work RJB performed on the Leasehold Premises.
However, counsel have indicated that this means that Dalene could review the work to be done and give its approval. There is no evidence to show that Dalene actually met with the contractor and participated in decisions regarding the project.
Moreover, Paragraph 8 of the Lease between Dalene and provides, in part, as follows:
 Tenant covenants and agrees that all construction shall be done with first class materials and in a good and workmanlike manner. Such construction shall be at Tenant's sole cost and expense and Tenant shall promptly pay all bills for materials and services furnished in connection with the construction of the buildings so that at all times the Demised Premises shall be CT Page 8461 free and clear of all mechanics liens. Should any mechanics or other lien be filed against the Demised Premises or any part thereof for any reason whatsoever as a result of Tenant's acts or omissions or because of a claim against Tenant, Tenant shall cause the same to be removed and discharged of record by bond or otherwise within sixty (60) days after notice by Landlord.
This language expresses Dalene's intent that it will not be responsible for construction done at the request of HI-G.
There is insufficient evidence to support the position Dalene consented to be liable for the materials and labor that went into the project. Therefore, the court finds that RJB has failed to sustain its burden of proof as to the validity of the mechanic's lien.
Accordingly, Dalene's Motion to Discharge the mechanic's lien is granted.