[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 3997
This action is a real estate conveyance tax appeal, pursuant to General Statutes §§ 12-554 and 12-502a, wherein the plaintiff, Alex Vigliotti, protests the imposition of a conveyance tax by the defendant, commissioner of revenue services. The plaintiff, Alex Vigliotti, wholly owns and controls a corporation known as Vigliotti Construction Co. The corporation for many years has been in the business of building single family homes in a large subdivision in Madison, Connecticut, known as Neck River Farms.
The River Neck Farms subdivision is owned by D. William Owens, Jr. and Robert W. Scott. The arrangement between Owens and Scott, Alex Vigliotti and his corporation, Vigliotti Construction Co., is as follows: Owens and Scott sold periodically one to ten lots to Vigliotti. Vigliotti executed a promissory note and purchase money mortgage back to Owens and Scott in addition to a small cash payment as consideration for the purchase. The funds for the purchase of the lots came from Vigliotti Construction Co. The actual process was accomplished by Vigliotti Construction Co. paying the money to a trustee, who in turn would pay Owens and Scott. Vigliotti Construction Co. constructed a single family residence on each of the lots purchased by Vigliotti. Thereafter, Vigliotti Construction Co. entered into a sales agreement with a purchaser of the individual residential home. At this time, Vigliotti executed a quit claim deed to Vigliotti Construction Co. at the same time that the corporation conveyed to a purchaser. Vigliotti Construction Co., through the same trustee, provided the funds to pay off the purchase money mortgage due from Vigliotti to Owens and Scott. Vigliotti Construction Co. then conveyed the lot and house by warranty deed to the purchaser. During the course of the transfer of title to the lot or lots in issue, Owens and Scott paid a conveyance tax on their transfer to Vigliotti. Vigliotti did not pay a conveyance tax on the transfer of title to Vigliotti Construction Co. Vigliotti Construction Co. did pay a conveyance tax on the full purchase price of the lot and house upon the transfer to the individual purchaser. During the time that Vigliotti held title to the lots all interest payments on the purchase money mortgages to Owens and Scott were made by Vigliotti Construction Co. and all municipal taxes and insurance premiums on the lots were paid by this corporation. CT Page 3998
The reason for this arrangement was to protect Vigliotti from claims by unhappy home buyers or subcontractors of the Vigliotti Construction Co. Vigliotti was concerned that when the house was constructed by his corporation and ready to be sold to a purchaser that an attachment on the property owned by the corporation at that time would create financial problems by holding up the sale until the attachment was cleared. For this reason. Vigliotti held title to the property during the period of construction of a home by the corporation on the lot until the corporation executed a warranty deed to the purchaser.
On June 3, 1991, Vigliotti purchased Lot 35 from Owens and Scott with an agreement that the subdivision road adjacent to Lot 35 would be completed in order to start construction of a house. By the spring of 1992, it became apparent that Owens and Scott would not be able to complete the road in front of Lot 35. At that time Vigliotti by agreement reconveyed Lot 35 to Owens and Scott. It was contemplated that Owens and Scott would convey another buildable lot to Vigliotti.
The plaintiff raises four issues in this case: First, the plaintiff argues that the conveyance of the lots from Vigliotti to Vigliotti Construction Co. are exempt from the conveyance tax pursuant to § 12-494-2(d)(3)[1] of the commissioner's regulations as deeds from an agent to his principle. Second, the plaintiff argues that a conveyance from an individual to his wholly owned and controlled corporation simultaneously with a sale by the corporation is so inherently part of a single transaction as to be exempt from the conveyance tax. Third, the plaintiff argues that a reconveyance to a seller of property where there has been a failure of the conditions of the original sale is not a conveyance for consideration within the meaning of § 12-494. Finally, the plaintiff claims that the commissioner is estopped from imposing a conveyance tax on transfers from Vigliotti to his corporation.
Vigliotti classified himself as an "inventory holding agent" for his corporation. In this capacity, Vigliotti's claim is that he was merely holding the lots as an agent for his corporation since the corporation paid the purchase price for the lots and paid all of the closing costs and fees necessary to effect the purchase of these lots. Although Vigliotti claims that he was the agent for his corporation, the facts do not bear out the relationship of principal and agent. The transfer of title from Owens and Scott to Vigliotti was always made to Vigliotti as an CT Page 3999 individual, not as agent for the corporation. The purchase money mortgage and note on the transfer from Owens and Scott to Vigliotti were made by Vigliotti individually back to Owens and Scott.
Ordinarily, the question of agency is one of fact. West HavenSound Development Corp. v. West Haven, 201 Conn. 305, 311,514 A.2d 734 (1986). "Agency is defined as `the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.'" (Citations omitted; internal quotation marks omitted.)Beckenstein v. Potter Carrier, Inc., 191 Conn. 120, 132,464 A.2d 6 (1983). Three elements are required to show the existence of an agency relationship: "(1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." Hallv. Peacock Fixture Electric Co., 193 Conn. 290, 294,475 A.2d 1100 (1984). "[A]n essential ingredient of agency is that the agent is doing something at the behest and for the benefit of the principal." Beckenstein v. Potter Carrier, Inc., 191 Conn. 120,133, 464 A.2d 6 (1983). Labels used by parties to describe their relationship is [sic] not necessarily a conclusive factor. Id., 137.
The relationship that Vigliotti describes as existing between himself and his corporation is the reverse of what an agency relationship is. According to the stipulated facts in the present action, Vigliotti controlled the corporation to which he refers as the principal rather than the reverse. Under the third element of agency, we cannot find that the alleged principal Vigliotti Construction Co. would under any circumstance be in control of Vigliotti, its alleged agent. Based on the facts as provided in the stipulation, it was Vigliotti that controlled the construction company as the so-called principal. Accordingly, this arrangement would not qualify as an exemption under §12-494-2(d)(3).
On the second issue, we conclude that a conveyance from an individual to his wholly owned and controlled corporation, simultaneously with a sale by that corporation, is not inherently part of a single transaction so as to be exempt from the conveyance tax. See Stanley Bjurback v. Commissioner of RevenueServices, Superior Court, Tax Session, judicial district of CT Page 4000 Hartford/New Britain at Hartford, Docket No. CV95-0547287 (February 28, 1996).
On the third issue, we conclude that a reconveyance to a seller of real estate due to the failure of conditions of the original sale, is subject to a conveyance tax within the meaning of § 12-494. The conveyance tax due under § 12-494 is triggered by the conveyance of real estate regardless of any conditions agreed to by the parties related to the contract of sale. This is so because the relationship between the taxpayer and the commissioner is governed by statute, not controlled by the agreement of sale between the purchaser and seller. Cf.Hartford Fire Ins. Co. v. Brown, 164 Conn. 497, 505, 325 A.2d 228
(1973). The failure of the conditions of sale can have no effect on the imposition of the conveyance tax since, as we have said, the obligation to pay the tax is one imposed by statute. The plaintiff has not shown that the consideration for the transfer was less than $2,000, or that the conveyance falls within any of the exceptions. This conveyance is, therefore, taxable.
The parties stipulated that on October 29, 1987, Richard Prendergast was employed by the Department of Revenue Services as the Municipal Assessment Unit Supervisor of the Personnel and Public Taxes Unit of the Audit Division. The parties also stipulated that as the Municipal Assessment Unit Supervisor, Prendergast was responsible for auditing Connecticut real estate conveyances for Connecticut real estate conveyance tax and responding to inquiries from the general public, attorneys, and town clerks on conveyance tax issues.
The third count of the plaintiff's amended complaint alleges that Prendergast told Vigliotti's attorney that "the Vigliotti arrangement of a quit claim deed of the lot to the corporation is okay, nontaxable on the basis of no substantial consideration." (Amended complaint, third count. Para. 13.) Based on this allegation, Vigliotti claims that he relied upon Prendergast's statement of non-taxability in conducting his business, and that the commissioner is therefore estopped from levying a conveyance tax on the quit claim deeds from Vigliotti to Vigliotti Construction Co.
The elements of estoppel against a public agency are clearly set out in Kimberly-Clark Corp. v. Dubno, 204 Conn. 137, 148,527 A.2d 679 (1987). Such an estoppel should be invoked: CT Page 4001
 (1) only with great caution; (2) only when the action in question has been induced by an agent having authority in such matters; (3) only when special circumstances make it highly inequitable or oppressive not to estop the agency. . . . "[I]t is the burden of the person claiming the estoppel to show that he exercised due diligence to ascertain the truth and that he not only lacked knowledge of the true state of things but he had no convenient means of acquiring that knowledge."
(Citations omitted.) Id.
In the present action, Vigliotti's attorney had no present independent recollection of what was discussed with Prendergast, but did have a scrap of paper in his file with a notation indicating no conveyance tax on the quit claim from Vigliotti to the corporation.
Prendergast had no present recollection of a discussion with Vigliotti's attorney in regard to the imposition of the conveyance tax on the deed from Vigliotti to his corporation. It was Prendergast's position that on any issue dealing with a question of policy that he would require an opinion in writing which would then be discussed with an attorney from the Department of Revenue Service or an Assistant Attorney General. Prendergast testified that he would not have voiced an oral opinion on something as important as whether a quit claim deed would be subject to a conveyance tax, and would have asked for a written opinion on that issue. We find this testimony to be credible. From these findings of fact we conclude that the plaintiff has failed to establish a case of estoppel against the commissioner.
Accordingly, we find that the conveyances that are the subject of this appeal are taxable. The plaintiff's appeal is, therefore, dismissed.
ARONSON, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 4006