ARONSON, J.
 

 This action is a real estate conveyance tax appeal, pursuant to General Statutes §§ 12-554 and 12-502a, wherein the plaintiff protests the imposition of a conveyance tax by the defendant.
 

 The plaintiff wholly owns and controls a corporation known as the Vigliotti Construction Corporation (corporation). The corporation for many years has been in the business of building single-family homes in a large subdivision in Madison known as River Neck Farms.
 

 The River Neck Farms subdivision is owned by D. William Owens, Jr., and Robert W. Scott. The arrangement between Owens and Scott, the plaintiff and his corporation, is as follows. Owens and Scott periodically sold one to ten lots to the plaintiff. The plaintiff executed a promissory note and purchase money mortgage back to Owens and Scott in addition to a small cash payment as consideration for the purchase. The funds for the purchase of the lots came from the corporation. The actual process was accomplished by the corporation paying the money to a trustee, who, in turn, would pay Owens and Scott. The corporation constructed a single-family residence on each of the lots purchased by the plaintiff. Thereafter, the corporation entered into
 
 *448
 
 a sales agreement with a purchaser of the individual residential home. At this time, the plaintiff executed a quitclaim deed to the coiporation at the same time that the corporation conveyed to a purchaser. The corporation, through the same trustee, provided the funds to pay off the purchase money mortgage due from the plaintiff to Owens and Scott. The corporation then conveyed the lot and house by warranty deed to the purchaser. During the course of the transfer of title to the lot or lots in issue, Owens and Scott paid a conveyance tax on their transfer to the plaintiff. The plaintiff did not pay a conveyance tax on the transfer of title to the corporation. The corporation did pay a conveyance tax on the full purchase price of the lot and house upon the transfer to the individual purchaser. During the time that the plaintiff held title to the lots, all interest payments on the purchase money mortgages to Owens and Scott were made by the corporation and all municipal taxes and insurance premiums on the lots were paid by this same corporation.
 

 The reason for this arrangement was to protect the plaintiff from claims by unhappy buyers or subcontractors of the corporation. The plaintiff was concerned that when the house was constructed by his corporation and was ready to be sold to a purchaser, an attachment on the property owned by the corporation at that time would create financial problems by holding up the sale until the attachment was cleared. For this reason, the plaintiff held title to the property during the period of construction of a home by the corporation on the lot until the corporation executed a warranty deed to the purchaser.
 

 On June 3, 1991, the plaintiff purchased lot 35 from Owens and Scott with an agreement that the subdivision road adjacent to lot 35 would be completed in order to start construction of a house. By the spring of 1992, it
 
 *449
 
 became apparent that Owens and Scott would not be able to complete the road in front of lot 35. At that time the plaintiff, by agreement, reconveyed lot 35 to Owens and Scott. It was contemplated that Owens and Scott would convey another buildable lot to the plaintiff.
 

 The plaintiff raises four issues in this case. First, he argues that the conveyance of the lots from the plaintiff to the corporation is exempt from the conveyance tax pursuant to § 12-494-2 (d) (3)
 
 [1]
 
 of the Regulations of Connecticut State Agencies as deeds from an agent to his principal. Second, the plaintiff argues that a conveyance from an individual to his wholly owned and controlled corporation simultaneously with a sale by the corporation is so inherently part of a single transaction as to be exempt from the conveyance tax. Third, the plaintiff argues that a reconveyance to a seller of property where there has been a failure of the conditions of the original sale is not a conveyance for consideration within the meaning of General Statutes § 12-494. Finally, the plaintiff claims that the defendant is estopped from imposing a conveyance tax on transfers from the plaintiff to his corporation.
 

 The plaintiff classified himself as an “inventory holding agent” for his corporation. In this capacity, the plaintiffs claim is that he was merely holding the lots as an agent for his corporation since the corporation paid the purchase price for the lots and paid all of the closing costs and fees necessary to effect the purchase of these lots. Although the plaintiff claims that he was the agent for his corporation, the facts do not bear out the relationship of principal and agent. The transfer of title from Owens and Scott to the plaintiff was always made
 
 *450
 
 to the plaintiff as an individual, not as an agent for the corporation. The purchase money mortgage and note on the transfer from Owens and Scott to the plaintiff were made by the plaintiff individually back to Owens and Scott.
 

 Ordinarily, the question of agency is one of fact.
 
 West Haven Sound Development Corp.
 
 v.
 
 West Haven,
 
 201 Conn. 305, 311, 514 A.2d 734 (1986). “Agency is defined as the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act . . . .” (Internal quotation marks omitted.)
 
 Beckenstein
 
 v.
 
 Potter & Carrier, Inc.,
 
 191 Conn. 120, 132, 464 A.2d 6 (1983). “[T]hree elements [are] required to show the existence of an agency relationship: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking. ” (Internal quotation marks omitted.)
 
 Hall
 
 v.
 
 Peacock Fixture & Electric Co.,
 
 193 Conn. 290, 294, 475 A.2d 1100 (1984). “An essential ingredient of agency is that the agent is doing something at the behest and for the benefit of the principal.” (Internal quotation marks omitted.)
 
 Beckenstein
 
 v.
 
 Potter & Carrier, Inc.,
 
 supra, 133. Labels used by parties to describe their relationship is not necessarily a conclusive factor. Id., 137.
 

 The relationship that the plaintiff describes as existing between himself and his corporation is the reverse of what an agency relationship is. According to the stipulated facts in the present case, the plaintiff controlled the corporation to which he refers as the principal rather than the reverse. Under the third element of agency, the court cannot find that the corporation, the alleged principal, would, under any circumstance, be in control of the plaintiff, its alleged
 
 *451
 
 agent. Based on the facts as provided in the stipulation, it was the plaintiff who controlled the corporation as the so-called principal. Accordingly, this arrangement would not qualify as an exemption under § 12-494-2 (d) (3).
 

 On the second issue, the court concludes that a conveyance from an individual to his wholly owned and controlled corporation, simultaneously with a sale by that corporation, is not inherently part of a single transaction so as to be exempt from the conveyance tax. See
 
 Bjurback
 
 v.
 
 Commissioner of Revenue Services,
 
 44 Conn. Sup. 354, 690 A.2d 902 (1996).
 

 On the third issue, the court concludes that a reconveyance to a seller of real estate due to the failure of conditions of the original sale, is subject to a conveyance tax within the meaning of § 12-494. The conveyance tax due under § 12-494 is triggered by the conveyance of real estate regardless of any conditions agreed to by the parties related to the contract of sale. This is so because the relationship between the taxpayer and the commissioner is governed by statute, not controlled by the agreement of sale between the purchaser and seller. Cf.
 
 Hartford Fire Ins. Co.
 
 v.
 
 Brown,
 
 164 Conn. 497, 505, 325 A.2d 228 (1973). The failure of the conditions of sale can have no effect on the imposition of the conveyance tax since, as already mentioned, the obligation to pay the tax is one imposed by statute. The plaintiff has not shown that the consideration for the transfer was less than $2000, or that the conveyance falls within any of the exceptions. This conveyance is, therefore, taxable.
 

 The parties stipulated that on October 29,1987, Richard Prendergast was employed by the department of revenue services as the municipal assessment unit supervisor of the personnel and public taxes unit of the audit division. The parties also stipulated that as the
 
 *452
 
 municipal assessment unit supervisor, Prendergast was responsible for auditing Connecticut real estate conveyances for the Connecticut real estate conveyance tax and responding to inquiries from the general public, attorneys and town clerks on conveyance tax issues.
 

 The third count of the plaintiffs amended complaint alleges that Prendergast told the plaintiffs attorney that “the Vigliotti arrangement of a quitclaim deed of the lot to the corporation is okay, nontaxable on the basis of no substantial consideration.” Based on this allegation, the plaintiff claims that he relied upon Prendergasf s statement of nontaxability in conducting his business, and that the defendant is, therefore, estopped from levying a conveyance tax on the quitclaim deeds from the plaintiff to the corporation.
 

 The elements of estoppel against a public agency are clearly set out in
 
 Kimberly-Clark Corp.
 
 v.
 
 Dubno,
 
 204 Conn. 137, 527 A.2d 679 (1987). Such an estoppel should be invoked: “(1) only with great caution; (2) only when the action in question has been induced by an agent having authority in such matters; and (3) only when special circumstances make it highly inequitable or oppressive not to estop the agency. . . . [I]t is the burden of the person claiming the estoppel to show that he exercised due diligence to ascertain the truth and that he not only lacked knowledge of the true state of things but he had no convenient means of acquiring that knowledge.” (Citations omitted; internal quotation marks omitted.) Id., 148.
 

 In the present case, the plaintiffs attorney had no present independent recollection of what was discussed with Prendergast, but did have a scrap of paper in his file with a notation indicating no conveyance tax on the quitclaim from the plaintiff to the corporation.
 

 Prendergast had no present recollection of a discussion with the plaintiffs attorney in regard to the imposition of the conveyance tax on the deed from the plaintiff
 
 *453
 
 to his corporation. It was Prendergast’s position that on any issue dealing with a question of policy, he would require an opinion in writing which would then be discussed with an attorney from the department of revenue services or with an assistant attorney general. Prendergast testified that he would not have voiced an oral opinion on something as important as whether a quitclaim deed would be subject to a conveyance tax, and would have asked for a written opinion on that issue. The court finds this testimony to be credible. From these findings of fact the court concludes that the plaintiff has failed to establish a case of estoppel against the defendant.
 

 Accordingly, the court finds that the conveyances that are the subject of this appeal are taxable. The plaintiffs appeal is, therefore, dismissed.
 

 [1]
 

 Regs., Conn. State Agencies § 12A94-2 (d) provides in relevant part: “No tax must be paid on the following conveyances ... (3) A deed from an agent to his principal conveying realty purchased for and with funds of the principal . . . .”