[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
This case requires the court to address the import of newly-enacted General Statutes § 49-33 (h), which makes a leasehold interest subject to a mechanic's lien. The court holds that § 49-33 (h) allows contractors to attach a tenant's interest in property but does not create any new fights against landowners. Accordingly, the court enters judgment for the plaintiff landowner, Enfield Square, LLC. CT Page 3475
BACKGROUND
The court finds the following facts after a hearing on February 5, 2001. The plaintiff owns a shopping mall in Enfield. On September 27, 1999, the plaintiff agreed to lease one of its numerous retail store units to Juice Kitchen, Inc. The lease provided for Juice Kitchen to construct a kiosk. The landlord, according to the lease, had the responsibility of designating the maximum size and the location of the kiosk. The tenant had the responsibility for construction and improvement of the kiosk at tenant's sole expense. The lease also provided for the tenant to keep the premises free from any liens arising out of work performed, materials furnished, or obligations incurred by the tenant.
In keeping with the lease, Enfield Square approved of Juice Kitchen's plans to construct a kiosk. The plaintiff was aware that Juice Kitchen had hired the defendant, S. Hecht Sons, Inc., to perform the work and spoke to Hecht about the plans. Enfield Square did not, however, agree to pay Hecht or to guarantee payment by Juice Kitchen.
On February 22, 2000, Hecht filed a mechanic's lien on the premises owned by Enfield Square in the amount of $41,218 due to nonpayment for work done. On or about April 7, 2000, Enfield Square had Juice Kitchen served with a notice to quit for nonpayment of rent and other violations of the lease. On or about November 24, 2000, Hecht brought suit against Enfield Square to foreclose the mechanic's lien. On December 28, 2000, Enfield Square filed suit against Hecht to discharge the lien.
DISCUSSION
Upon a hearing on an application to discharge a mechanic's lien, "the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien." General Statutes § 49-35b(a). The applicant must then show "by clear and convincing evidence that the validity of the lien should not be sustained or the amount of the lien is excessive and should be reduced." Id.
Ordinarily, a mechanic's lien against the owner of land is valid if the underlying claim is "(1) by virtue of an agreement with or the consent of the owner of the land, or (2) by the consent of some person having authority from or rightfully acting for such owner in procuring labor or materials." (Internal quotation marks omitted.) Hall v. Peacock Fixture Electric Co., 193 Conn. 290, 293, 475 A.2d 1100 (1984). See General Statutes § 49-33 (a).[1] However, "[t]he mere granting of permission for work to be conducted on one's property has never been deemed sufficient to support a mechanic's lien against the property." CT Page 3476Hall v. Peacock Fixture Electric Co., supra, 193 Conn. 295. "Nor does the owner's knowledge that the work is being done subject the property to a mechanic's lien." Centerbrook. Architects Planners v. Laurel NursingServices, Inc., 224 Conn. 580, 591, 620 A.2d 127 (1993). "The consent meant by the statute must be a consent that indicates an agreement that the owner of at least the land shall be, or may be, liable for the materials or labor." (Internal quotation marks omitted.) Id. "Although an express contract is not necessary for such a consent, the services must be furnished under circumstances indicating an implied contract by the owner to pay for them." Id.
In the present case, the landowner was aware of and approved the work, but did not agree to pay for it. Under the lease, payment for work done on the leased premises was the sole responsibility of the tenant. Accordingly, Hecht does not have a valid claim against Enfield Square based on the theory that the latter consented. Hecht argues alternatively that its lien is valid by virtue of § 7 of Public Act 99-153, which amended General Statutes § 49-33 to add a new section (h). General Statutes § 49-33 (h) now provides:
 If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any real property, and the claim is by virtue of an agreement with or by consent of the lessee of such real property or of some person having authority from or rightfully acting for such lessee in procuring the materials or labor, then the leasehold interest in such real property is subject to the payment of the claim. This subsection shall not be construed to limit any of the rights or remedies available to such person under subsection (a) of this section.
The operative language of this new provision makes a "leasehold interest in [the] property . . . subject to the payment of the claim." A "leasehold" is "an estate in real property held by leasee/tenant under a lease" and "[t]he asset representing the right of the lessee to use leased property." Black's Law Dictionary (6th ed. 1999). A leasehold interest has been described as an "entitlement to occupancy." UnitedStates v. A Leasehold Interest in Property Located at 850 South Maple,Ann Arbor, Washtenaw County, Michigan, 743 F. Sup. 505, 510 n. 7 (E.D.Mich. 1990). From these definitions, and others, it is clear that a leasehold interest is primarily an interest of the tenant or lessee, rather than of the landowner or lessor. See Housing Authority v.Lamonthe, 225 Conn. 757, 768 n. 13, 627 A.2d 367 (1993); See also General CT Page 3477 Statutes § 47-300 (h) (defining a "Leasehold interest" as "the real property interest of a lessee in a ground lease with a community land trust."). Thus, the language of § 49-33 (h) making a "leasehold interest in [the] property . . . subject to the payment of the claim" renders property of the tenant, not the landlord, subject to a mechanic's lien.[2]
This conclusion finds support in the statutory scheme. The language making a leasehold "subject to the payment of the claim" parallels the language in paragraph (a) making "the plot of land . . . subject to payment of the claim." See footnote 1. It thus appears that paragraph (a) provides for liens against landowners and paragraph (h) provides for liens against tenants. Indeed, the last sentence of paragraph (h) states that it "shall not be construed to limit any of the rights or remedies available to such person under subsection (a) of this section," thus assuring that mechanics who have a valid claim against both a tenant and a landowner can file mechanic's liens against both their interests under both subsections. However, to construe paragraph (h) to apply directly to landowners, as does the defendant here, would make paragraph (h) largely superfluous, contrary to the rules of statutory construction. See Packerv. Board of Education, 246 Conn. 89, 111, 717 A.2d 117 (1998). Thus, the proper interpretation of paragraph (h) is that it creates a new remedy against the property interests of leaseholders only.[3]
In this case, because Enfield Square did not consent to pay Hecht for any work done, and because paragraph (h) does not apply to landowners, Hecht does not have a valid lien against Enfield Square. Accordingly, Hecht has failed to show that "there is probable cause to sustain the validity of [its] lien." General Statutes § 49-35b(a).
CONCLUSION
The court grants the application to discharge the mechanic's lien. Judgment shall enter for the plaintiff.
It is so ordered.
Carl J. Schuman Judge, Superior Court