[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Westfield America, M.S., Inc., Meriden Square Partnership and Meriden Square #2, LLC (Westfield/Meriden), have filed an application for the discharge of a mechanic's lien placed upon their property by the defendant, S. Hecht Sons.
The facts are undisputed. On September 27, 1999, Juice Kitchen, Inc. executed a five year lease with Westfield/Meriden whereby it agreed to lease space at a property known as the Westfield Shoppingtown Meriden for the purpose of operating a kiosk which would sell blended fruit drinks. The lease provided that the annual rent would be $40,000. It also provided that all construction and improvement of the kiosk would be done at Juice Kitchen's, "sole cost and expense" and that Juice Kitchen would "keep the premises and all other parts of the development free from any and all liens arising out of any work performed, materials furnished or obligation incurred."
Between October and December of 1999, S. Hecht Sons provided construction services, materials and labor to Juice Kitchen to enable it to construct the kiosk at the mall.
On February 22, 2000, Hecht filed a mechanic's lien on the Westfield Shoppingtown Meriden property alleging that Westfield/Meriden was liable for Juice Kitchen's failure to pay $20,291.00 for services provided in the construction of the kiosk. Juice Kitchen's tenancy was terminated on March 30, 2000, when it was served with a Notice to Quit from Westfield/Meriden.
The issue for this court is the import of newly enacted General Statutes § 49-33 (h) provides:
 "If . . . the claim is by virtue of an agreement with or by consent of the lessee of such real property or of some person having authority from or rightfully acting for such lessee in procuring the materials or labor, then the leasehold interest in such real property is subject to the payment of the claim." CT Page 5006
The defendant interprets this language to mean that once the tenancy has been terminated, "the mechanic's lien of the defendant would attach to real property by virtue of the leasehold interest that existed at the time the mechanic's lien was filed." (Defendant's Memorandum, p. 7.) It is technically correct that at the time the lien was filed the defendant acquired an interest in Juice Kitchen's leasehold interest in the real estate. However, defendant argues that this interest survives the termination of the leasehold and is somehow superior to the terminated leasehold.
In Hall v. Peacock Fixture Electric Co., 193 Conn. 290 (1984) (a case in which the court upheld the discharge of a mechanic's lien filed against the plaintiff's property by an electrical contractor hired by the plaintiff's lessee to make leasehold improvements) quoting from Seaman v.Climate Control Corp., 181 Conn. 592, 595 (1980), the court described the two classes of people entitled to claim a lien upon land that they have improved. It said:
 "Lienors are protected if they have a claim either (1) by virtue of an agreement with or the consent of the owner of the land, or (2) by the consent of some person having authority from or rightfully acting for such owner in procuring labor or materials."
Id., 293.
The court in Hall, quoting from Beckenstein v. Potter Carrier, Inc.,191 Conn. 120 (1983), went on to summarize the three elements required to show the existence of an agency relationship:
 "(1) a manifestation by the principal that the agent will act for him;
"(2) acceptance by the agent of the undertaking; and
 "(3) an understanding between the parties that the principal will be in control of the undertaking."
Id., 294.
It is clear from the facts that Westfield/Meriden never explicitly or through an agent directed Hecht to make improvements on its real estate. The defendant claims that it can still foreclose on the lien because the newly amended Connecticut Lien Statute, § 49-33 (h) has rendered Hall inapplicable to this case by making it unnecessary for a workman to CT Page 5007 obtain the consent of the landowner before making the improvements.
The plaintiff has submitted a partial transcript of legislative hearings held in April of 1999, in which the sponsor of Senate Bill 996, An Act Concerning Fairness in Financing in the Construction Industry, Senator Colapietro, describes the purpose of the amendment. He says:
 "to explain what a lease is; if an owner were to allow a lessee to go out and have some construction work done on their particular building and they are not held responsible, you can submit a mechanic's liens [sic] to [sic] the lessee's business. That protects the owner . . . If [the leaseholder] decides to rebuild something in that building that the owner owns, that the owner will no longer by liable unless he's the one who orders it and pays for it."
S.B. 996, Gen. Assem. Reg. Sess. (Conn., Wednesday, April 21, 1999), p. 1178-1179"
The language of the new provision makes a "leasehold interest in [the] property . . . subject to the payment of the claim; a leasehold interest is primarily an interest of the tenant or lessee, rather than the landowner or lessor, Enfield Square LLC v. S. Hecht Sons, Inc., Superior Court, judicial district of Hartford, Docket No. 804236 (March 7, 2001, Schuman, J.)
It is clear from the plain meaning of Connecticut General Statutes § 49-33 (h) that the new section gives a creditor an interest in the tenant's leasehold. There is nothing to suggest that it gives an interest which survives the termination of the leasehold. Further there is nothing to suggest that § 49-33 (h) was intended to alter the consent and agency requirements set out in Hall.
CONCLUSION
For the foregoing reasons, the plaintiff, Westfield/Meriden, is entitled to a discharge of the lien placed upon its property by the defendant, S. Hecht Sons. Its application is granted.
By the Court,
Kevin E. Booth Judge of the Superior Court