[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
This matter is before the court on an Application for Discharge of Mechanic's Lien. The petitioner is Elm City Mfg. Jewelers, Inc [Elm City]. The lienor is CRT Construction, Inc.[CRT]. Elm City is the owner of real estate located at Chimney Square, at the southeast corner of Dixwell and Putnam Avenues in Hamden, Connecticut, CRT filed the mechanic's lien at issue on the land records of the Town of Hamden on May 11, 2001. The lien was served by a deputy marshall on Elm City and Pierce Hamden, LLC. The lien recited that CRT, "in accordance with a certain agreement between [CRT] and Pierce Hamden, LLC, Ground Leasee of the premises, and with the knowledge and consent of the owner/Ground Leasor, [Elm City], of the subject premises, and for the benefit of the Leasee Walgreen Eastern Co., Inc [Walgreen], a New York corporation, furnished services and/or materials in the construction and/or improvement to the property. . . . The name of the owner against whom the lien is being filed is Elm City Mfg. Jewelers, Inc WHEREFORE, the undersigned claims a Mechanic's Lien on said premises and the buildings thereon as security for the payment in full of the aforesaid amount." The lien alleges that the furnishing of materials or services commenced on July 24, 2000 and ended on May 10, 2001. The claimed lien amount is $1,179,960.00.
Elm City is seeking an order discharging the mechanic's lien. Elm City asserts that the lien was wrongly placed against it as owner of the property by CRT. In order to dispose of this matter, further facts must be stated. Elm City, owner of the property, in 1999, entered into a 70 year ground lease of the premises with Pierce Hamden, LLC the ground lessee. Pierce Hamden, LLC, as Lessor entered into a lease of the premises with Walgreen to commence June 1, 2002. An amendment to both of these leases was executed in August, 2000. The amendment incorporated a site plan as a revised exhibit to the ground lease and the sublease.
The ground lease contemplates that improvements will be constructed on the premises. The ground lease, at Section 3.2, lays out the lease requirements of `landlord's work' and `tenant's work.' The responsibilities of the landlord pertain largely to obtaining traffic permits, and performing the work therein regarding curb cuts and resignalization, repaving, chimney removal, and environmental remediation. The tenant is responsible for all improvements in accordance with the site plan that are not the responsibility of the landlord. The exhibit A, which was a part of the amendment to lease, displays the improvements required to be constructed by the Tenant. The ground lease provides that Pierce Hamden may enter into a sublease of the premises with Walgreen for at least 20 years and that the subtenant Walgreen shall pay rent thereunder, however, that portion which represents the amount of rent due from Pierce Hamden LLC to Elm City shall be paid by Walgreen directly to Elm City. CT Page 14768
Pierce Hamden entered into a contract with CRT for construction of certain improvements at the site. Elm City did not enter into a contract with CRT for construction of improvements at the site. Elm City was aware that work was being done on the premises under the authority of the tenant Pierce Hamden for the purpose of creating a structure for a Walgreen's business.
At issue is whether General Statutes § 49-33 allows for the placement of a mechanic's lien on the property of an owner/landlord of real estate when the contractor's agreement for services is only with the tenant. The short answer is no.
"Ordinarily, a mechanic's lien against the owner of land is valid if the underlying claim is "(1) by virtue of an agreement with or the consent of the owner of the land, or (2) by the consent of some person having authority from or rightfully acting for such owner in procuring labor or materials." (Internal quotation marks osmitted.) Hall v. PeacockFixture Electric Co., 193 Conn. 290, 293, 475 A.2d 1100 (1984). See General Statutes § 49-33 (a).{fn1} However, "[t]he mere granting of permission for work to be conducted on one's property has never been deemed sufficient to support a mechanic's lien against the property."Hall v. Peacock Fixture Electric Co., supra, 193 Conn. 295. "Nor does the owner's knowledge that the work is being done subject the property to a mechanic's lien." Centerbrook, Architects Planners v. Laurel NursingServices, Inc., 224 Conn. 580, 591, 620 A.2d 127 (1993). "The consent meant by the statute must be a consent that indicates an agreement that the owner of at least the land shall be or may be, liable for the materials or labor." (Internal quotation marks omitted.) Id. "Although an express contract is not necessary for such a consent, the services must be furnished under circumstances indicating an implied contract by the owner to pay for them." Id." Enfield Square v. Hecht Sons,
No. CV00-0804236 S (Mar. 7, 2001) 2001 Ct. Sup. 3474, 3475-3476.
In this matter, no such implied contract exists. There was nothing in the lease between Elm City and Pierce Hamden from which it could be inferred that there was an assumption of liability by Elm City for improvements contracted for by Pierce Hamden. The facts and evidence stipulated to between the parties do not provide any basis from which this court could do any more than merely conclude that Elm City was aware work was being performed but it had neither contracted for it nor had it in any way agreed to be liable for payment for the work. Under the terms of the lease in evidence it was Pierce Hamden's sole responsibility to pay for work it contracted for at the premises. Pierce Hamden as the lessee had authority to contract for the improvements, pursuant to the terms of its lease, and accordingly, its leasehold interest alone and not CT Page 14769 Elm City's fee interest was subject to the amended provisions of General Statutes 49-33 (h) which allow the leasehold interest to be subject to the payment of the claim.
The application for discharge of mechanic's lien is granted.
It is so ordered.
The court
Lynda B. Munro, Judge