[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #108
The plaintiff, Connecticut Carpenters Benefit Funds, filed a complaint against the defendant, Burkhard Hotel Partners II, LLC, on February 26, 2001, seeking a judgment of strict foreclosure. As a result of the defendant's May 1, 2001 request to revise, the plaintiff filed a revised complaint on June 7, 2001. The plaintiff, employee benefit funds administered by trustees under certain declarations of trust, alleges that Migi Construction, LLC entered into agreements in which Migi would contribute to the employee benefit funds administered by the plaintiff for each hour worked by Migi's carpenters.[1] The plaintiff further CT Page 1278 alleges that from August 24, 1999 until November 30, 1999, Migi's carpenters rendered services at the defendant's premises, located on the southeasterly side of Norwich-New London Road in the town of Montville, pursuant to an August 24, 1999 agreement between Migi and the defendant. Specifically, the plaintiff alleges that the agreement between Migi and the defendant was for the construction, raising, removal and/or repair of a building or buildings at the defendant's premises and that the defendant consented to these services.
After Migi failed to pay the plaintiff the contributions due to the funds on account of the services rendered by its employees on the defendant's premises, the plaintiff filed a certificate of mechanic's lien to secure the balance due of $73,303.30 and served the certificate on Migi and the defendant on February 23, 2000. The plaintiff then filed the current action against the defendant seeking a judgment of strict foreclosure, immediate possession of the premises, money damages, interest, attorney's fees and costs, a deficiency judgment and any other equitable relief.
The defendant now moves to strike the plaintiff's complaint on the ground that the complaint fails to state a cause of action against the defendant for which the court may grant relief. The defendant filed a memorandum in support of its motion and the plaintiff timely filed a memorandum in opposition.[2]
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim on which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc.v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, supra,236 Conn. 825.
The defendant argues that the plaintiff has failed to state a cause of action against it and, further, that Migi would appear to be the proper defendant in the action. The defendant also argues that the plaintiff would have to allege more than the defendant merely granting Migi permission for work to be conducted on its premises. The defendant CT Page 1279 contends that Burkhard merely contracted with Migi for work to be performed on its premises.
In response, the plaintiff argues that the right to a mechanic's lien is not limited to those with a direct contractual relationship with the owner. The plaintiff argues that-it properly alleged that the work was performed with Burkhard's consent and that it is not necessary to prove a direct contractual relationship.
"A mechanic's lien is a creature of statute. . . . Its remedial purpose is to furnish security for a contractor's labor and materials." (Citations omitted.) St. Catherine's Church Corp. v. Technical PlanningAssociates, Inc., 9 Conn. App. 682, 683-84, 520 A.2d 1298 (1987). "General Statutes § 49-33 (a) governs the availability of mechanic's liens and provides protection to those lienors who have an agreement with or consent of the owner of the land or of some person having authority from or rightfully acting for the owner."[3] Id., 684; see also Seamanv. Climate Control Corp., 181 Conn. 592, 597, 436 A.2d 271 (1980).
The defendant argues that the plaintiff has failed to allege sufficiently that the defendant consented to the work being performed on its premises. "Under . . . § 49-33 (a), the consent required from the owner or one acting under the owner's authority is more than the mere granting of permission for work to be conducted on one's property . . . or the mere knowledge that work was being performed on one's land." (Citation omitted; internal quotation marks omitted.) St. Catherine'sChurch v. Technical Planning Associates, Inc., supra, 9 Conn. App. 684. "The consent meant by the statute must be a consent that indicates an agreement that the owner of at least the land shall be, or may be, liable for the materials or labor." (Internal quotation marks omitted.) Id. "Although an express contract is not necessary for such a consent, the services must be furnished under circumstances indicating an implied contract by the owner to pay for them. . . . The consent referred to in the statute means consent of an owner for whom, or for whose benefit, the work is being done, and not one who has no interest in, or is not a party to, the work undertaken by the lessee. . . . It refers to an owner who is so closely identified with the work being done that he could be held liable under an implied contract in the absence of an express contract." (Citation omitted; emphasis omitted; internal quotation marks omitted.)Coughlin Realty, LLC v. Blastech, Inc., Superior Court, judicial district of Middlesex at Middletown, Docket No. 092060 (March 13, 2001, Arena,J.).
Here, the plaintiff has alleged that the defendant is the record owner of the premises in question and that Migi and Burkhard Corporation entered into an agreement for construction of a building on the CT Page 1280 defendant's premises. (Amended Complaint, ¶¶ 3 and 48.) The plaintiff further alleges that Migi failed to pay to the plaintiff the contributions on account of the services rendered by the carpenters on the defendant's premises and that the services were rendered by virtue of either an agreement with the defendant or with the consent of the defendant. (Amended Complaint, ¶¶ 3 and 4.)
The Connecticut Supreme Court, however, has held that "[t]he mere granting of permission for work to be conducted on one's property has never been deemed sufficient to support a mechanic's lien against the property." Hall v. Peacock Fixture Electric Co., 193 Conn. 290, 295,475 A.2d 1100 (1984). "[A] landowner does not subject his property to a mechanic's lien by simply allowing work to be done on it." Id. While the plaintiff in this case has alleged that the defendant consented to work being done on its premises by Migi, it has failed to allege that the defendant consented to contribute to the employee benefit funds administered by the plaintiff. This court holds that the plaintiff has alleged insufficiently that the defendant, as the owner of the premises, may be liable to the plaintiff for employee benefit funds simply because it consented to the construction of a building on its premises.
In Seaman v. Climate Control Corp., supra, 181 Conn. 592, the Court held that it was not necessary to the second tier subcontractors' lien status "that they have any direct contractual relationship either with the owner or with the general contractor." Id., 596. Here, the plaintiff has alleged the existence of an agreement between Migi and Burkhard Corporation, for the construction of a building or buildings on the defendant's premises and, further, has alleged that Migi's carpenters rendered services in the construction, raising, removal or repair of the building or buildings on the defendant's premises. (Amended Complaint, ¶¶ 3 and 4.) While a plaintiff is not required to allege a direct contractual relationship, the plaintiff has failed to allege that any relationship existed between the two parties with respect to the employee benefit funds. The plaintiff alleges both a relationship between itself and Migi and a separate relationship between Migi and Burkhard Corporation. There are no allegations in the complaint, however, to suggest that the defendant was aware of the agreement between the plaintiff and Migi or that the defendant had at any time agreed to make payments to the fund. There are also no' allegations in the complaint that the defendant failed to make payments for the services or labor for the work performed on its premises.
Finally, the court notes that the mechanic's lien statute on its face does not apply to this factual scenario. "[T]he legislature did not intend to include within § 49-33 those persons or businesses whose services have not enhanced the property in some physical manner, laid the CT Page 1281 groundwork for the physical enhancement of the property, or whose work was not an essential part in the scheme of physical improvement."Thompson and Peck, Inc. v. Division Drywall, Inc., 241 Conn. 370, 374,696 A.2d 326 (1997). The court holds that the mechanic's lien statute does not extend to a factual situation where an employee fund, other than a general contractor or subcontractor, is seeking to collect unpaid employee benefits from an owner of premises who has not consented to or agreed to make such payments. The court concludes, therefore, that the mechanic's lien statute is inapplicable to the facts of this case.
In construing the complaint in the light most favorable to the plaintiff, the court holds that the plaintiff has alleged insufficiently a cause of action against the defendant to withstand the motion to strike. Accordingly, the defendant's motion to strike the plaintiff's amended complaint is granted.
Martin, J.